EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>Gustavo L. Marrero Irizarry<br>Agustín Ponce de León González<br>Carlos A. Oliver Rivera<br>Armando Vega García<br>Juan M. Rivera González<br>Carlos González Contreras | 2016 TSPR 129<br><br>195 DPR ____ |

Número del Caso: TS-3,172
                 TS-7,024
                 TS-8,816
                 TS-2,369
                 TS-5,015
                 TS-6,477

Fecha: 8 de junio de 2016

Programa de Educación Jurídica Continua:

        Hon. Geisa M. Marrero Martínez
        Directora Ejecutiva


Materia: Conducta Profesional –

**TS-3,172**
La suspensión será efectiva el **13 de junio de 2016,** fecha en que se le notificó al  abogado de su suspensión inmediata.

**TS-7,024**
La suspensión será efectiva el **22 de junio de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-8,816**
La suspensión será efectiva el **14 de junio de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-2,369**
La suspensión será efectiva el **21 de junio de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-5,015**
La suspensión será efectiva el **13 de junio de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata.

**TS-6,477**
La suspensión será efectiva el **20 de junio de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Gustavo L. Marrero Irizarry | TS-3172 | |
| Agustín Ponce de León González | TS-7024 | Conducta |
| Carlos A. Oliver Rivera | TS-8816 | Profesional |
| Armando Vega García | TS-2369 | |
| Juan M. Rivera González | TS-5015 | |
| Carlos González Contreras | TS-6477 | |

*Per Curiam*

En San Juan, Puerto Rico a 8 de junio de 2016.

I.

Una vez más, nos vemos obligados a suspender a varios letrados del ejercicio de la abogacía por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y con nuestras órdenes.

**A. Gustavo L. Marrero Irizarry, TS-3172**

El Lcdo. Gustavo L. Marrero Irizarry, fue admitido al ejercicio de la abogacía el 13 de diciembre de 1968 y a la práctica de la notaría el 29 de julio de 1976. El 6 de noviembre de 2015, la Directora Ejecutiva del PEJC nos informó que el licenciado Marrero Irizarry no cumplió con los requisitos de educación jurídica continua durante el

periodo de 1 de septiembre de 2009 a 31 de agosto de 2011. El PEJC le notificó ese incumplimiento al letrado y lo citó a una vista informal. Este compareció e informó, en síntesis, que estaba retirado de la profesión por lo que debía evaluarse la necesidad de cumplir con los requisitos del PEJC. Allí, el oficial examinador le orientó sobre las distintas alternativas disponibles, tales como el cambio de estatus a abogado inactivo. A raíz de esa vista, el licenciado Marrero Irizarry se comprometió a tomar los cursos de educación jurídica continua y a pagar la multa por cumplimiento tardío o presentar una solicitud de relevo o exoneración. Para esa gestión, se le concedió un término de treinta días. No obstante, debido a que el letrado no cumplió con lo que acordó, el asunto se refirió a este Tribunal para la atención debida. El 11 de diciembre de 2015, tomamos conocimiento del informe sobre incumplimiento que presentó la Directora Ejecutiva del PEJC y le concedimos al licenciado Marrero Irizarry un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. Al día de hoy, el letrado no ha comparecido ante nos.

**B. Agustín Ponce de León González, TS-7024**

El Lcdo. Agustín Ponce de León González fue admitido al ejercicio de la abogacía el 20 de noviembre de 1980 y a

la práctica de la notaría el 9 de febrero de 1981. El 6 de noviembre de 2015, la Directora Ejecutiva del PEJC nos informó que el letrado no cumplió con los requisitos de educación jurídica continua durante el periodo de 1 de septiembre de 2009 a 31 de agosto de 2011. El PEJC le notificó ese incumplimiento al letrado y lo citó a una vista informal. El licenciado Ponce de León González compareció a esa vista y expresó que condiciones de salud le habían dificultado su cumplimiento con el PEJC. No obstante, no presentó prueba al respecto. Luego de esa vista, se le concedió un término adicional al letrado para que subsanara la deficiencia de horas crédito y pagara la cuota de cumplimiento tardío. No obstante, debido a que este no cumplió, el asunto se refirió para nuestra atención. El 7 de diciembre de 2015, tomamos conocimiento del informe sobre incumplimiento que presentó la Directora Ejecutiva del PEJC y le concedimos al licenciado Ponce de León González un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. Al día de hoy, el letrado no ha comparecido.

**C. Carlos A. Oliver Rivera, TS-8816**

El Lcdo. Carlos A. Oliver Rivera juramentó al ejercicio de la abogacía el 4 de enero de 1988 y a la práctica de la notaría el 12 de febrero de 1988. El 1 de

octubre de 2015, la Directora Ejecutiva del PEJC nos informó que el licenciado Oliver Rivera no cumplió con los requisitos de educación jurídica continua durante el periodo de 1 de septiembre de 2007 a 31 de agosto de 2009. El PEJC le notificó ese incumplimiento al letrado y le otorgó un término adicional para cumplir y pagar la cuota de cumplimiento tardío. Este pagó la multa por cumplimiento tardío pero debido a que no tomó los cursos correspondientes, el PEJC lo citó a una vista informal. El licenciado Oliver Rivera compareció por escrito a esa vista e informó que su incumplimiento se debía a razones económicas, pues sus ingresos eran limitados. A esos fines, anejó sus planillas de contribución sobre ingresos para los años 2009 y 2010. A raíz de esto, la Directora Ejecutiva del PEJC le concedió al letrado un término adicional para cumplir con los requisitos de educación continua. No obstante, debido a que este no cumplió, el asunto se refirió para nuestra atención. El 30 de octubre de 2015, tomamos conocimiento del informe sobre incumplimiento que presentó la Directora Ejecutiva del PEJC y le concedimos al licenciado Oliver Rivera un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. En respuesta a esa orden, el 17 de noviembre de 2015, el licenciado Oliver Rivera presentó una carta en la que reiteró que su incumplimiento se debía a razones económicas y en la que

nos solicitó un término adicional para cumplir. Pidió esto porque se había matriculado en unos cursos de educación continua a ser ofrecidos en diciembre de ese mismo año. En atención a esa solicitud, le concedimos al letrado un término adicional de treinta días para que cumpliera con los requisitos del PEJC. No obstante, al día de hoy, el licenciado Oliver Rivera no ha vuelto a comparecer ni nos ha presentado un certificado del PEJC en el que se acredite que cumplió con las horas crédito requeridas para el periodo notificado.

## D. Armando Vega García, TS-2369

El Lcdo. Armando Vega García juramentó al ejercicio de la abogacía el 9 de abril de 1964. El 6 de noviembre de 2015, la Directora Ejecutiva del PEJC nos informó que el licenciado Vega García no cumplió con los requisitos de educación jurídica continua durante el periodo de 1 de septiembre de 2009 a 31 de agosto de 2011. El PEJC le notificó ese incumplimiento al letrado y lo citó a una vista informal. El licenciado Vega García compareció por escrito a esa vista y expresó, en síntesis, que no ejercía la abogacía desde que se retiró del cargo de fiscal. Además, adujo que padecía ciertas condiciones de salud que contribuían a su incumplimiento. El PEJC orientó al letrado respecto a que mientras tuviera estatus de activo ante la Secretaría del Tribunal Supremo, venía obligado a cumplir con los requisitos de educación jurídica continua. No

obstante, debido que el letrado no subsanó las deficiencias notificadas, ni presentó una solicitud de cambio de estatus, el asunto se refirió a nuestra atención. El 11 de diciembre de 2015, tomamos conocimiento del informe sobre incumplimiento que presentó la Directora Ejecutiva del PEJC y le concedimos al licenciado Vega García un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. Al día de hoy, el licenciado Vega García no ha comparecido ante nos.

**E. Juan M. Rivera González, TS-5015**

El Lcdo. Juan M. Rivera González juramentó al ejercicio de la abogacía el 12 de diciembre de 1975 y a la práctica de la notaría el 24 de enero de 1978. El 6 de noviembre de 2015, la Directora Ejecutiva del PEJC nos informó que el letrado no cumplió con los requisitos de educación jurídica continua durante el periodo de 1 de septiembre de 2007 a 31 de agosto de 2009. El PEJC le notificó ese incumplimiento al letrado y lo citó a una vista informal. El licenciado Rivera González compareció a esa vista y expresó que había ofrecido cursos en la Universidad de Puerto Rico y en la Universidad Interamericana, por lo que reclamó una prórroga para solicitar acreditación por estos cursos. El PEJC le concedió esa prórroga al letrado. No obstante, luego de

varios incidentes procesales, los cuales incluyeron varias prórrogas adicionales, el PEJC le concedió un término final al licenciado Rivera González para que subsanara la deficiencia de horas crédito y pagara la cuota de cumplimiento tardío. Debido a que este no cumplió, el asunto se refirió a nuestra atención. El 11 de diciembre de 2015, tomamos conocimiento del informe sobre incumplimiento que presentó la Directora Ejecutiva del PEJC y le concedimos al letrado un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. Al día de hoy, el licenciado Rivera González no ha comparecido ante este Tribunal.

**F. Carlos González Contreras, TS-6477**

El Lcdo. Carlos González Contreras juramentó al ejercicio de la abogacía el 6 de noviembre de 1979 y a la práctica de la notaría el 24 de junio de 1980. El 6 de noviembre de 2015, la Directora Ejecutiva del PEJC nos informó que el licenciado González Contreras no cumplió con los requisitos de educación jurídica continua durante los periodos de 1 de febrero de 2007 a 31 de enero de 2009 y de 1 de febrero de 2009 a 31 enero de 2011. El PEJC le notificó esos incumplimientos al letrado y le otorgó un término adicional para cumplir y pagar la cuota de cumplimiento tardío. Debido a que este no pagó la multa por

cumplimiento tardío ni tomó los cursos correspondientes, el PEJC lo citó a una vista informal. Esa citación y todas las notificaciones previas se enviaron a la dirección del letrado según aparecía en el Registro Único de Abogados y Abogadas (RÚA), pero estas fueron devueltas por el servicio postal. Debido a que el letrado no compareció a la vista informal, la Directora Ejecutiva nos refirió el asunto para nuestra atención. Así las cosas, le concedimos al licenciado González Contreras un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. En respuesta a esa orden, el letrado compareció ante nos y expresó que no recibió las citaciones debido a que tenía otra dirección postal vigente desde el 2008. No obstante, surge del expediente que no la actualizó en el RUA hasta el 2012. Igualmente, el letrado indicó que tuvo razones personales de índole económica y de salud familiar que incidieron en su incumplimiento con el PEJC. A raíz de esto, le instruimos al PEJC a que citara nuevamente al licenciado González Contreras a una vista informal.

En cumplimiento con esta encomienda, el PEJC celebró una nueva vista informal, no sin antes citar al letrado. Durante esa vista, el licenciado González Contreras expresó que debido a la situación económica por la que atravesaba, sus ingresos disminuyeron. En la vista el letrado no hizo

planteamientos de problemas familiares o de salud. Posteriormente, el licenciado González Contreras presentó una serie de documentos como evidencia para sustentar sus alegaciones. En aras de brindarle al letrado otra oportunidad para cumplir con los requisitos de educación continua, el PEJC le concedió un término adicional para presentar evidencia de su cumplimiento. No obstante, este no cumplió.

El 11 de diciembre de 2015, tomamos conocimiento del informe sobre incumplimiento que presentó la Directora Ejecutiva del PEJC y le concedimos al licenciado González Contreras un término de veinte días para que compareciera y mostrara causa por la cual no se le debía suspender del ejercicio de la abogacía, por incumplir con los requisitos de educación jurídica continua. Al día de hoy, el licenciado González Contreras no ha comparecido ante este Tribunal.

II.

El Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que con el objetivo "de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado […] debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Para instrumentar ese objetivo, aprobamos el Reglamento del Programa de Educación Jurídica Continua de 1998, 4 LPRA Ap.

XVII-D, según enmendado, el cual le ordena a todos los abogados a tomar al menos veinticuatro horas créditos en cursos de educación jurídica continua acreditados cada tres años. In re Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua, Res. de 15 de junio de 2015, 2015 TSPR 77, 193 DPR ___ (2015).

Cuando los abogados cumplen de forma tardía con los requisitos del PEJC, deben presentar un informe con las razones que justifican el cumplimiento tardío, así como pagar una cuota de $50. Reglamento del Programa de Educación Jurídica Continua de 2005, 4 LPRA Ap. XVII-E. En casos de incumplimiento, el Director del PEJC tiene el deber de citar a los abogados a una vista informal para que expliquen las razones para el incumplimiento. Íd., Regla 32. En caso de que los abogados no comparezcan a esa vista, o que a pesar de haberlo hecho, no cumplan con las horas crédito requeridas, la Junta del PEJC está llamada a remitir el asunto ante este Tribunal para la acción correspondiente. Íd.

Lamentablemente, en un sinnúmero de ocasiones nos hemos visto obligados a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas. In re Álvarez Westwood, et als., Op. de 14 de marzo de 2016, 2016 TSPR 46, 194 DPR ___ (2016).

Igualmente, hemos sido enfáticos en que desatender nuestros requerimientos y órdenes acarrea sanciones disciplinarias, incluso la suspensión inmediata de la profesión. In re Cepero Rivera, et als., Op. de 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015). Cuando un abogado no cumple con nuestras órdenes, demuestra menosprecio hacia nuestra autoridad e infringe el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, C.9. Íd. Por esa razón, "[s]i luego de proveerle un término al abogado para que muestre causa por la cual no debe ser suspendido de la profesión, [e]ste incumple con nuestro mandato, procede que el abogado sea sancionado con la suspensión indefinida del ejercicio de la abogacía […]". In re López González, Op. de 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015) citando a In re Piñeiro Vega, 188 DPR 77, 90 (2013).

Por otro lado, la Regla 9(j) del Reglamento del Tribunal Supremo de 2011, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen el deber de mantener actualizados sus datos en el RÚA, incluso la dirección postal seleccionada para recibir las notificaciones. El incumplimiento con lo anterior "obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida de la abogacía". In re López Santos, et al., Op. de 7 de marzo de 2016, 2016 TSPR 37, pág. 12, 194 DPR ___ (2016).

III.

**A. TS-3172**

El licenciado Marrero Irizarry incumplió con los requisitos del PEJC para el periodo 2009-2011. Igualmente, el letrado no compareció ante nuestra orden para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC.

**B. TS-7024**

El licenciado Ponce de León González incumplió con los requisitos del PEJC para el periodo 2009-2011. Igualmente, el letrado no compareció ante nuestra orden para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC.

**C. TS-8816**

El licenciado Oliver Rivera incumplió con los requisitos del PEJC para el periodo 2007-2009. Igualmente, a pesar de que le concedimos una prórroga, el letrado no compareció ante nuestra orden para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC.

**D. TS-2369**

El licenciado Vega García incumplió con los requisitos del PEJC para el periodo 2009-2011. Igualmente, el letrado no compareció ante nuestra orden para que mostrara causa

por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC.

**E. TS-5015**

El licenciado Rivera González incumplió con los requisitos del PEJC para el periodo 2007-2009. Igualmente, el letrado no compareció ante nuestra orden para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC.

**F. TS-6477**

El licenciado González Contreras incumplió con los requisitos del PEJC para los periodos 2007-2009 y 2009-2011. Igualmente, el letrado no compareció ante nuestra orden más reciente para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC. Además, este tampoco cumplió **oportunamente** con el deber que le impone la Regla 9(j) de nuestro Reglamento, de actualizar y mantener al día su dirección postal, lo cual constituye una violación ética adicional.

La conducta exhibida por estos letrados demuestra dejadez y desidia. Con su proceder, han entorpecido el funcionamiento del PEJC y le han faltado el respeto a este Tribunal. Bajo ningún concepto, podemos avalar ese tipo de comportamiento. El resultado de esta Opinión *Per Curiam* es producto exclusivo de la falta de diligencia de estos abogados. Estos no cumplieron las normas básicas para

ejercer la abogacía en Puerto Rico. Adviértase que cumplir con el PEJC no es opcional ni una sugerencia; es una obligación ética que tienen todos los abogados. El PEJC y este Tribunal han sido bastantes flexibles con los letrados hoy sancionados, pues estos incumplieron los periodos 2007-2009 o 2009-2011, y no es hasta el 2016 que los suspendemos por esas violaciones éticas. En el ínterin, tuvieron múltiples oportunidades de ponerse al día con el PEJC.

Para atender el problema de los abogados que han visto mermados sus ingresos diseñamos mecanismos para facilitar que cumplan con los requisitos del PEJC. Por ejemplo, el Reglamento del PEJC, supra, provee distintos métodos para cumplir con las horas crédito requeridas, entre estos, matricularse en cursos aprobados o preaprobados, los cuales se pueden tomar a distancia por métodos electrónicos, y publicar obras de contenido jurídico. Además, la Regla 17 del *Reglamento para la asignación de abogados y abogadas de oficio en procedimientos de naturaleza penal,* 4 LPRA Ap. XXVIII-A, permite que bajo ciertos escenarios, los letrados soliciten acreditación por parte de los servicios que brinden como abogados de oficio en caso penales. A pesar de esto, los letrados decidieron no cumplir con los requisitos del PEJC. Observar las exigencias del PEJC no es opcional ni una mera sugerencia. Evidentemente, estos abogados no desean ejercer la abogacía en Puerto Rico.

IV.

Por los fundamentos antes expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Marrero Irizarry, al licenciado Ponce de León González, al licenciado Oliver Rivera, al licenciado Rivera González y al licenciado González Contreras. Además, decretamos la suspensión inmediata e indefinida del licenciado Vega García del ejercicio de la abogacía. Se advierte a todos los letrados que antes de solicitar su reinstalación deberán presentar una certificación del PEJC que acredite su cumplimiento con todos los periodos incumplidos. Estos tuvieron la oportunidad de ponerse al día con el PEJC mientras practicaban la abogacía, pero la desaprovecharon. Ahora van a tener que hacerlo mientras están suspendidos del ejercicio de la abogacía.

Se impone a todos los letrados el deber de notificar a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de los

licenciados Marrero Irizarry, Ponce de León González, Oliver Rivera, Rivera González y González Contreras, y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Gustavo L. Marrero Irizarry | TS-3172 | |
| Agustín Ponce de León González | TS-7024 | Conducta |
| Carlos A. Oliver Rivera | TS-8816 | Profesional |
| Armando Vega García | TS-2369 | |
| Juan M. Rivera González | TS-5015 | |
| Carlos González Contreras | TS-6477 | |

SENTENCIA

En San Juan, Puerto Rico, a 8 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Marrero Irizarry, al licenciado Ponce de León González, al licenciado Oliver Rivera, al licenciado Rivera González y al licenciado González Contreras. Además, decretamos la suspensión inmediata e indefinida del licenciado Vega García del ejercicio de la abogacía. Se advierte a todos los letrados que antes de solicitar su reinstalación deberán presentar una certificación del PEJC que acredite su cumplimiento con todos los periodos incumplidos. Estos tuvieron la oportunidad de ponerse al día con el PEJC mientras practicaban la abogacía, pero la desaprovecharon. Ahora van a tener que hacerlo mientras están suspendidos del ejercicio de la abogacía.

Se impone a todos los letrados el deber de notificar a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de los licenciados Marrero Irizarry, Ponce de León González, Oliver Rivera, Rivera González y González Contreras, y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino en el caso in re: Agustín Ponce de León González.


                    Juan Ernesto Dávila Rivera
                    Secretario del Tribunal Supremo