EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------------------|
| Edwin Montañez Melecio | 2017 TSPR 15 197 DPR ____ |

Número del Caso: TS-11,288

Fecha: 31 de enero de 2017

Abogado del Querellado:

      Por Derecho Propio

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila de Jesús
      Director

Programa de Educación Jurídica Continua:
      Lcda. Geisa M. Marrero Martínez
      Directora Ejecutiva

Materia: Conducta Profesional – La Suspensión será efectiva el 17 de febrero de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Edwin Montañez Melecio           TS-11,288         Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 31 de enero de 2017.

Por los fundamentos que relatamos a continuación, en el día de hoy suspendemos al Lcdo. Edwin Montañez Melecio (licenciado Montañez) de manera inmediata e indefinida del ejercicio de la abogacía y de la práctica de la notaría.

## I. TRASFONDO PROCESAL

El licenciado Montañez juramentó al ejercicio de la abogacía el 11 de agosto de 1995 y a la práctica de la notaría el 30 de enero de 1996. El **1 de octubre de 2015**, la entonces Directora del Programa de Educación Jurídica Continua (PEJC), nos sometió un *Informe sobre Incumplimiento con Requisito de Educación Continua*. En síntesis, indicó que, a

pesar de las múltiples notificaciones cursadas, las oportunidades brindadas para completar los cursos de educación continua requeridos y las debidas advertencias de las consecuencias de su inobservancia, el letrado no acudió a la vista informal programada ante la Directora del PEJC e incumplió con todos los requisitos de educación continua correspondientes a los periodos comprendidos entre septiembre de 2007 y agosto de 2013.[1] Tampoco pagó la cuota por razón de cumplimiento tardío. Según el informe, durante el curso del trámite administrativo el licenciado Montañez se limitó a enviar un correo electrónico informando que se había visto forzado a cerrar su oficina debido a la situación económica por la que atravesaba.

En atención a lo anterior, mediante Resolución del **13 de octubre de 2015,** le concedimos al licenciado Montañez un término de veinte (20) días para mostrar causa por la cual no debía de ser suspendido del ejercicio de la abogacía por incumplir con los requisitos reglamentarios de educación jurídica continua y por no comparecer a la vista ante el PEJC según le fue requerido. Nuestra Resolución se envió a su dirección postal en Bayamón, Puerto Rico, según constaba en el Registro Único de Abogados (RUL) para esa fecha, y no fue devuelta. El letrado no respondió a nuestro requerimiento.

De otra parte, el **1 de marzo de 2016,** el Lcdo. Manuel E. Ávila de Jesús, Director de la Oficina de Inspección de

---

[1] Los periodos se desglosan de la siguiente forma: 1 de septiembre de 2007 a 31 de agosto de 2009; 1 de septiembre de 2009 a 31 de agosto de 2011, y 1 de septiembre de 2011 a 31 de agosto de 2013.

Notarías (ODIN), sometió un *Informe Especial* en el cual detalló la demora sistemática desplegada por el letrado en la presentación de sus índices de actividad notarial mensual, así como sus informes estadísticos de actividad anual.[2] Indicó que, a pesar de habérsele advertido que cualquier retraso subsiguiente en remitir los informes requeridos por la Ley Notarial de Puerto Rico y su Reglamento provocaría que se refiriera el asunto automáticamente a este Foro, el licenciado Montañez hizo caso omiso a lo señalado.

Igualmente, se nos informó el incumplimiento del licenciado Montañez con los requerimientos de la ODIN para que: (1) remitiese prueba acreditativa del pago de la Fianza Notarial para los periodos desde 2011 al 2015; (2) certificase que la presentación tardía de los índices e informes antes mencionados no provocaron alguna reclamación por parte de terceras personas ni causaron daños a tercero, y (3) informase si interesaba continuar ejerciendo la profesión de la notaría.[3]

En vista de lo anterior, el **21 de marzo de 2016** le concedimos al letrado un plazo de diez (10) días para que

---

[2]  A la fecha del informe, el abogado adeudaba los índices de actividad notarial mensual correspondientes a los meses de abril a diciembre de 2015 y enero de 2016 así como el Informe Estadístico de Actividad Notarial Anual correspondiente al año natural 2015 el cual venció el 29 de febrero de 2016. El 21 de diciembre de 2016, el Director de la Oficina de Inspección de Notarías presentó una *Moción Informativa* en la cual reiteró que el Lcdo. Edwin Montañez Melecio aún no está al día con la obligación de presentar los índices de actividad notarial mensual y el Informe Estadístico de Actividad Notarial Anual de 2015.

[3]  Cabe notar que mediante resoluciones emitidas el 29 de septiembre de 2010 y el 3 de abril de 2012, respectivamente, ordenamos el archivo de dos Querellas presentadas contra el licenciado Montañez por incumplir con el pago de la prima de la Fianza Notarial. En dichas ocasiones se le apercibió de la necesidad de observar estrictamente las disposiciones de la Ley Notarial.

expusiera las razones por las cuales no debía ser suspendido del ejercicio de la notaría a base de los señalamientos consignados por el Director de la ODIN. Igualmente, se le ordenó mostrar causa por la cual no debía imponérsele una sanción económica de $500 al amparo del Art. 62 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 LPRA sec. 2102 (2010). Como medida preventiva, se ordenó la incautación del sello y la obra notarial del licenciado Montañez.

Debido a que el licenciado Montañez no respondió a nuestra Resolución de 13 de octubre de 2015 atinente al PEJC, asimismo se le ordenó mostrar causa por la cual no debía ser suspendido inmediata e indefinidamente del ejercicio de la abogacía por desatender nuestras órdenes.[4]

Luego de expirado el término concedido de diez (10) días, el **19 de abril de 2016**, el licenciado Montañez compareció ante nos. Indicó que no había recibido la Resolución del 13 de octubre de 2015 y, por lo tanto, no había podido reaccionar a la misma. Señaló, sin embargo, que estaba dispuesto a responder si se le hacía llegar una copia. Además, explicó que cerca de 20 años atrás se había mudado de Bayamón y al presente residía en Gurabo. También indicó que había anunciado los cambios de dirección al Colegio de Abogados de Puerto Rico y a la ODIN. Por último, aseveró que el 2 de febrero de 2016, había notificado a la ODIN, mediante un correo electrónico, que tenía al día el pago de la Fianza

---

[4] Esta Resolución se le notificó personalmente al abogado el 5 de abril de 2016.

Notarial y había cumplido con el envío de los índices e informes notariales adeudados.

El **21 de abril de 2016**, nuevamente emitimos una Resolución en la que señalamos que la dirección oficial del licenciado Montañez, según constaba en el RUA, era un apartado postal en Bayamón. Le recordamos al letrado que, conforme a la Regla 9(j) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B (2012), le corresponde a cada abogado mantener actualizados sus datos personales en dicho Registro. Indicamos que, según las constancias del RUA, habíamos notificado la Resolución del 13 de octubre de 2015 a su dirección oficial y ésta no había sido devuelta. Igualmente, le informamos que, de necesitar copia de dicha Resolución, debía procurarla directamente en la Secretaría del Tribunal y cancelar el arancel correspondiente. Por último, le concedimos un término final e improrrogable de cinco (5) días para actualizar, de ser necesario, sus datos personales en el RUA y cumplir con nuestra Resolución del 21 de marzo de 2016.**5**

Expirado el término de cinco (5) días concedido, el **5 de mayo de 2016**, el licenciado Montañez compareció nuevamente ante nos y explicó que durante los pasados 10 años atravesó una situación económica sumamente difícil. A causa de ello, incumplió con múltiples responsabilidades económicas lo que le llevó, inclusive, a entregar su vehículo de motor y residencia, cambiar a sus hijos de escuela y cerrar su

---

**5** Se adelantó una copia de la Resolución del 21 de abril de 2016 por correo electrónico. También se notificó por correo a la dirección que constaba para esa fecha en el RUA pero ésta fue devuelta por el servicio postal.

despacho legal. Trató infructuosamente de generar ingresos por otros medios por lo cual le tomó mucho tiempo conseguir el dinero para finalmente pagar las fianzas notariales que tenía al descubierto. Indicó que este panorama financiero trajo como consecuencia el descuidar su práctica legal. Sin embargo, certificó que ningún tercero se vio afectado a causa de ello. Reconoció haber dejado al descubierto la Fianza Notarial, así como el retraso en el envío de los índices notariales e informes anuales, pero solicitó una oportunidad para retomar el ejercicio de la práctica legal y notarial. Por último, indicó que, en esa fecha, había actualizado su información en el RUA.

## II. DERECHO APLICABLE

### A. Programa de Educación Jurídica Continua

El Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX (2012) (Código de Ética), reconoce que, para poder brindar una adecuada representación legal a sus clientes, los abogados deben mantenerse capacitados a través de cursos y talleres de mejoramiento profesional. Con el fin de implementar este objetivo, aprobamos el *Reglamento del Programa de Educación Jurídica Continua de 1998*, 4 LPRA Ap. XII-D (2012), el cual inicialmente requería a los abogados tomar al menos veinticuatro (24) horas créditos en cursos de educación jurídica continua cada dos años. Posteriormente, se extendió el término de cumplimiento a tres (3) años. Véase, *In re Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Continua*, Res. de 15 de junio de 2015, 193 DPR 233 (2015). Así pues,

el incumplimiento con los requisitos de educación continua, según fijadas en la reglamentación del PEJC, implica una contravención al Canon 2 de Ética Profesional. *In re Sepúlveda Padilla*, 2016 TSPR 107 (2016), 195 DPR ___ (2016).

Además, se pautó para el pago de una cuota de $50.00 por cumplimiento tardío. Véase la Regla 30 del *Reglamento del Programa de Educación Jurídica Continua* de 2005, 4 LPRA Ap. XVII-E (2012), según enmendado.

En situaciones de inobservancia de las exigencias reglamentarias, el Director del PEJC citará a los abogados a una vista informal con el propósito de brindarles una oportunidad para ofrecer sus razones para ello. Véase la Regla 31 del *Reglamento del Programa de Educación Jurídica Continua* de 2005, 4 LPRA Ap. XVII-E (2012), según enmendado. En caso de incomparecencia, la Junta de Educación Continua remitirá el asunto a este Foro. Véase la Regla 32 del *Reglamento del Programa de Educación Jurídica Continua* de 2005, 4 LPRA Ap. XVII-E (2012), según enmendado.

En ocasiones anteriores, hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y apartarse de las exigencias concernientes a educación jurídica continua. *In re Marrero Irizarry*, 2016 TSPR 129, 195 DPR ___ (2016); *In re González Borgos*, 192 DPR 926 (2015); *In re Martínez Rodríguez*, 192 DPR 539 (2015).

**B.  Ley Notarial y su Reglamento**

La naturaleza particular del ejercicio de la notaría exige que los notarios sean meticulosos en el desempeño de

todas sus funciones y observen rigurosamente las disposiciones de la Ley y del Reglamento Notarial de Puerto Rico así como del Código de Ética. *In re* Zequeira Brinsfield, 2016 TSPR 114, 195 DPR ___ (2016); *In re* Salas González, 193 DPR 387 (2015); *In re* Santiago Ortiz, 191 DPR 950 (2014).

El Art. 12 de la Ley Notarial (Ley Notarial), 4 LPRA sec. 2023 (2010), y la Regla 12 del Reglamento Notarial de Puerto Rico (Reglamento Notarial), 4 LPRA Ap. XXIV (2012), exigen a los notarios remitir mensualmente a la ODIN índices de sus actividades notariales no más tarde del décimo día calendario del mes siguiente al mes informado. Asimismo, el Art. 13-A de la Ley Notarial, 4 LPRA sec. 2031a (2010), y la Regla 13 del Reglamento Notarial, disponen que todo notario deberá remitir a la ODIN informes estadísticos anuales de su actividad notarial no más tarde del último día de febrero del año siguiente al que se informa.

De otra parte, los notarios vienen obligados a prestar una fianza no menor de $15,000 como requisito para ejercer la notaría en nuestra jurisdicción. Art. 7 de la Ley Notarial, 4 LPRA sec. 2011 (2010). Esta fianza debe renovarse anualmente. Íd.

Anteriormente, hemos advertido que el incumplimiento con las disposiciones de la Ley Notarial o de su Reglamento expone al notario a sanciones disciplinarias graves por las implicaciones que su inobservancia tiene sobre la fe pública notarial. *In re* Cabrera Acosta, 193 DPR 461 (2015); *In re* Salas González, *supra*; *In re* Santiago Ortiz, *supra*.

### C.    Canon 9 de Ética Profesional

Conforme al Canon 9 del Código de Ética, compete a los abogados, como funcionarios del tribunal, el deber de "respetar, acatar y responder oportuna y diligentemente" las órdenes judiciales. *In re* Sepúlveda Padilla, *supra*; *In re* González Borgos, *supra*. Por lo cual, hacer caso omiso a nuestras órdenes denota menosprecio a nuestra autoridad e infringe esta disposición ética. *In re* Marrero Irizarry, *supra*; *In re* Sepúlveda Padilla, *supra*; *In re* González Borgos, *supra*.

Un abogado que incumple con nuestras órdenes y no justifica su proceder está sujeto a ser sancionado con su suspensión indefinida al ejercicio de la abogacía. *In re* Marrero Irizarry, *supra*; *In re* González Borgos, *supra*.

Las obligaciones impuestas por el Canon 9 se extienden a los requerimientos de aquellas entidades a las cuales se le han delegado funciones que inciden en la fiscalización de la profesión legal. Esto incluye la Oficina de la Procuradora General, la ODIN y la Junta del PEJC. *In re* Sepúlveda Padilla, *supra*.

Consecuentemente, la indiferencia a los avisos de cualquiera de estas dependencias se equipara a una afrenta a las órdenes del propio tribunal e igualmente supone la suspensión inmediata e indefinida de la profesión legal. *In re* Sepúlveda Padilla, *supra*. Así pues, ignorar los requerimientos de la ODIN y las órdenes de este Tribunal, además del reiterado incumplimiento con la Ley y el

Reglamento Notarial, representa una infracción al Canon 9. *In re* Zequeira Brinsfield, *supra*.

El hecho de eventualmente responder a los requerimientos de la ODIN no subsana múltiples desatenciones previas. Un patrón de desidia resulta incompatible con la conducta que demanda el Canon 9. *In re* Colón Collazo, 2016 TSPR 184, 196 DPR ___ (2016).

### D. Regla 9(j) del Reglamento del Tribunal Supremo

Por último, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B (2012), le impone a los abogados la obligación de mantener sus datos actualizados en el RUA, especialmente la dirección a donde deben dirigirse las notificaciones. Hacer caso omiso a esta obligación, interfiere con el trámite disciplinario y es causa suficiente para ordenar la suspensión inmediata e indefinida de la abogacía. *In re* Marrero Irizarry, *supra*; *In re* González Borgos, *supra*.

### III. Discusión

Analizamos la conducta del licenciado Montañez a la luz de la normativa antes descrita.

Primeramente, éste desatendió las comunicaciones enviadas por la oficina del PJEC; no asistió a la vista informal pautada, ni pagó la cuota por incumplimiento tardío. Asimismo, **todas** las horas crédito adeudadas desde el 2007 quedaron al descubierto. Tampoco respondió a nuestras órdenes brindándole una oportunidad para ofrecer sus explicaciones sobre los señalamientos antes indicados. Por lo tanto, su comportamiento resulta contrario a los Cánones 2

y 9 del Código de Ética, así como a las exigencias del *Reglamento del Programa de Educación Continua.*

En lo concerniente a sus responsabilidades como notario, resulta indiscutible el retraso persistente en remitir sus índices de actividad notarial mensual así como sus informes estadísticos de actividad anual. Ello, a pesar de las advertencias de la ODIN sobre las consecuencias disciplinarias de continuar con ese patrón de conducta. Igualmente el licenciado Montañez faltó a su obligación de mantener una fianza al día entre los años 2011 y 2015. Tampoco acató los requerimientos de la ODIN.

Las violaciones a la Ley y al Reglamento Notarial antes reseñadas ameritan sanciones severas. Asimismo, el licenciado Montañez infringió el Canon 9 al desatender las indicaciones de la ODIN.

Por último, el letrado ignoró nuestras órdenes en contravención al Canon 9, a la vez que falló al no actualizar oportunamente su dirección en el RUA según prescrito en la Regla 9(j) del Reglamento de este Tribunal. No fue hasta mayo del 2016 que éste finalmente notificó el cambio de dirección a pesar de que reconoció haberse mudado de Bayamón dos décadas antes. El hecho de haberle provisto esta información anteriormente a la ODIN y al Colegio de Abogados de Puerto Rico no le excusa de su obligación para con este Foro. Su incumplimiento sobre este particular obstaculizó la notificación de nuestras Resoluciones; impidió que respondiera a cabalidad nuestros requerimientos y, como

resultado, interfirió innecesariamente con el proceso disciplinario.[6]

## IV. Conclusión

Ante los múltiples y repetidos incumplimientos a los postulados del PEJC, a la Ley Notarial y su Reglamento, al Código de Ética, así como al Reglamento de este Tribunal, nos vemos obligados a separar al Lcdo. Edwin Montañez Melecio inmediata e indefinidamente de la práctica de la abogacía y la notaría. No somos indiferentes a las vicisitudes económicas por las que alegadamente ha atravesado el licenciado Montañez. Sin embargo, para poder realizar las funciones de alto interés público que representan el ejercicio de la abogacía y la notaría en nuestra sociedad, es indispensable cumplir oportunamente y a cabalidad con los preceptos que rigen la profesión legal y la práctica de la notaría.

Se ordena al señor Montañez a notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por servicios profesionales no realizados. De igual forma, deberá informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún trámite pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del

---

[6] El licenciado Montañez únicamente respondió a la Resolución de 21 de marzo de 2016, la cual se notificó personalmente, y la Resolución del 21 de abril de 2016, que se envió, además, por correo electrónico. En su respuesta de 19 de abril de 2016, indicó no haber recibido la Resolución inicial de 13 de octubre de 2015 sobre los asuntos concernientes al PEJC. Sin embargo, no hizo gestión para procurarla directamente de la Secretaría de este Foro. Igualmente, al presente no se ha puesto al día con el PEJC.

término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Además, se le ordena al Director de la ODIN que nos presente un informe respecto al estado de la obra notarial del señor Montañez.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Montañez a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Edwin Montañez Melecio

TS-11,288

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 31 de enero de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Edwin Montañez Melecio del ejercicio de la abogacía y de la notaría.

El Sr. Edwin Montañez Melecio deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún trámite pendiente. **Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.**

Además, se le ordena al Director de la ODIN que nos presente un informe respecto al estado de la obra notarial del señor Montañez Melecio.

Notifíquese la Opinión *Per Curiam* y esta Sentencia al señor Montañez Melecio a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                          Juan Ernesto Dávila Rivera
                          Secretario del Tribunal Supremo