EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2018 TSPR 83 |
|---|---|
| Julio E. Rivera Aponte | 200 DPR ____ |

Número del Caso: TS-8,231

Fecha: 10 de mayo de 2018

Abogado de la promovida:

Por derecho propio

Programa de Educación Jurídica Continua:

Lcdo. José I. Campos Pérez
Director

Materia: Conducta Profesional – La suspensión será efectiva el 14 de mayo de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Julio E. Rivera Aponte

TS-8,231

*Per Curiam*

En San Juan, Puerto Rico, a 10 de mayo de 2018.

I

El Lcdo. Julio E. Rivera Aponte fue admitido al ejercicio de la abogacía y la notaría en 1986. A finales de 2012, su salud se deterioró y dejó de practicar la profesión. Desde entonces, su salud no ha mejorado. El 15 de febrero de 2013, el Programa de Educación Jurídica Continua (PEJC) le notificó al licenciado Rivera Aponte, mediante correo regular, un *Aviso de incumplimiento* referente al periodo de 2011-2012. Le otorgó 60 días adicionales para tomar los cursos y pagar la multa por cumplimiento tardío. El 31 de octubre de 2014, el PEJC lo citó a una vista informal para el 2 de diciembre de 2014.

El 12 de noviembre de 2014, la Sra. Julyvette Rivera Quintana, hija del licenciado Rivera Aponte, envió una carta al PEJC, en la que informó que su padre soportó una operación de corazón abierto, durante la que le descubrieron cáncer en los huesos, que su movilidad se ha reducido significativamente y que su salud no ha mejorado. La señora Rivera Quintana solicitó que se le permita gestionar en representación de este.

El 17 de noviembre de 2014, el PEJC contestó la carta de la señora Rivera Quintana y le explicó que, puesto que el licenciado Rivera Aponte mantiene estatus de abogado y notario activo ante la Secretaría del Tribunal Supremo, su obligación de cumplir con los requisitos de educación continua persiste, a pesar de sus percances de salud. Le comunicó que debía cumplimentar la *Certificación de representación* si quería representar a su padre ante el PEJC. Anejó copia de la *Solicitud de cesación* e información del proceso de cambio a estatus inactivo y le informó que, cuando el Tribunal Supremo acepta esta solicitud, releva del requisito de educación continua al abogado que mantenga su estatus de inactivo.

La señora Rivera Quintana compareció a la vista del 2 de diciembre de 2014 en representación del licenciado Rivera Aponte. Testificó en cuanto a la condición de salud de su padre, pero no presentó evidencia documental que sustentara sus alegaciones. También ese día, y con el propósito de solicitar el cambio de estatus a abogado inactivo, la señora

Rivera Quintana solicitó una certificación de estatus del PEJC. Aparentemente, el cambio de estatus nunca se configuró. Del expediente no surge que la señora Rivera Quintana haya realizado otras gestiones en relación a ello.

Poco más de dos años después, el 31 de enero de 2017, el PEJC le escribió una carta al licenciado Rivera Aponte, con copia por correo electrónico a su hija, la señora Rivera Quintana. Le informó al licenciado Rivera Aponte que aún mantiene estatus de abogado y notario activo. Le concedió 30 días para proveer "una certificación médica de la cual surja cómo se le ha imposibilitado realizar las actividades necesarias para cumplir", y que indicara "si tiene la intención de cesar la práctica de la notaría y/o solicitar cambio de estatus de abogado inactivo en la Secretaría del Tribunal Supremo y cuándo". El PEJC reconoció que las razones de salud que le impiden cumplir son relevantes, pero enfatizó que mientras el abogado mantenga estatus de activo, se presume que tiene la capacidad de cumplir con todas las obligaciones, y que el incumplimiento con estas puede conllevar acciones disciplinarias. El PEJC no recibió contestación a esta carta.

El 15 de febrero de 2017, el PEJC le notificó al licenciado Rivera Aponte, mediante correo regular y con copia por correo electrónico a la señora Rivera Quintana, el informe del Oficial Examinador y la determinación del Director Ejecutivo del PEJC respecto a la vista celebrada el 2 de diciembre de 2014. El Oficial Examinador recomendó

cerrar administrativamente el incumplimiento durante el periodo 2011-2012 y relevar al licenciado del pago de la cuota por cumplimiento tardío, pues la condición de salud del licenciado Rivera Aponte justifica el incumplimiento.

Sin embargo, el Director Ejecutivo determinó que, dado el estatus de abogado activo del licenciado Rivera Aponte, el PEJC no estaba en condición de relevarle de su cumplimiento. Le advirtió que su caso sería presentado ante la Junta de Educación Continua para que esta determinara si lo referiría al Tribunal Supremo. El Director también le informó al licenciado Rivera Aponte que tiene incumplido el periodo de 2013-2014. Nuevamente, le recordó que puede solicitar el cambio de estatus a abogado inactivo. Como anejo, le proveyó al licenciado los documentos relacionados al procedimiento de cambio de estatus.

Con la aprobación de la Junta de Educación Continua, el Director nos rindió un informe. El 31 de mayo de 2017, emitimos una resolución en la que le concedimos un término de 20 días al licenciado Rivera Aponte para que compareciera y mostrara causa por la que no debíamos suspenderlo del ejercicio de la abogacía por incumplir con los requisitos de educación continua y por no comparecer ante el PEJC cuando le fue requerido. El letrado no respondió. Consecuentemente, el 23 de agosto de 2017, emitimos otra resolución concediéndole un término final de 10 días para cumplir con nuestra orden. No lo hizo.

II

El Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que los abogados deben mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional con el fin de viabilizar el objetivo de representación legal adecuada para toda persona.

Como consecuencia, todo abogado debe cumplir con los requisitos del Programa de Educación Jurídica Continua. Para el periodo de incumplimiento que estamos evaluando en este caso, estaban vigentes el Reglamento de Educación Jurídica Continua, 146 DPR 494 (1998), según enmendado mediante la Resolución ER-2005-5, 164 DPR 703 (2005), y el Reglamento del Programa de Educación Jurídica Continua, 164 DPR 555 (2005), enmendado mediante la Resolución ER-2011-04, 183 DPR 48 (2011).[1] Estos reglamentos imponían la obligación a todo abogado activo de tomar por lo menos 24 horas crédito en educación jurídica continua cada 2 años y presentar un informe al PEJC acreditando el cumplimiento con las horas crédito requeridas no más tarde de 30 días luego de transcurrido el periodo de 2 años. Regla 6 del Reglamento de Educación Jurídica Continua, _supra_, y Regla 28 del Reglamento del Programa de Educación Jurídica Continua, _supra_.

---

[1] El nuevo Reglamento del Programa de Educación Jurídica Continua, aprobado el 2 de junio de 2017, 2017 TSPR 91, 198 DPR ___ (2017), derogó ambos reglamentos, pero no aplica en este caso. Tampoco son de aplicación las enmiendas a ambos reglamentos mediante la Resolución ER-2015-3, In re Emdas. R. Educ. Jur. Cont., 193 DPR 233 (2015).

Si un abogado incumplía con estos requisitos, la Regla 29 del Reglamento del Programa de Educación Jurídica Continua, supra, disponía que, dentro de los 30 días siguientes a la terminación del periodo de cumplimiento, se le enviara a este un aviso de incumplimiento. El abogado podía rendir el informe acreditando el cumplimiento con las horas crédito requeridas dentro de 30 días a partir de la notificación del aviso de incumplimiento, si explicaba las razones que justificaban el cumplimiento tardío y pagaba una multa de $50. Regla 30 del Reglamento del Programa de Educación Jurídica Continua, supra.

Si el término transcurría sin que el abogado cumpliera con lo requerido, se le citaba a una vista informal. Regla 31(A) del Reglamento del Programa de Educación Jurídica Continua, supra. Si no comparecía a la vista, el PEJC nos remitía el asunto. Regla 32(C) del Reglamento del Programa de Educación Jurídica Continua, supra.

El Canon 9 de Ética Profesional, supra, dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Como corolario de ese deber, los abogados deben atender diligentemente las órdenes de los tribunales. In re Nieves Nieves, 181 DPR 25, 34 (2011). Cuando un abogado incumple con los requisitos del PEJC y no comparece ante nosotros para mostrar causa por la cual no debe ser suspendido, viola los Cánones 2 y 9 de Ética Profesional, supra, y demuestra

menosprecio hacia la autoridad de este Tribunal. Véase In re Marrero Irizarry et al., 2016 TSPR 129, 195 DPR Ap. (2016).

Lamentablemente, son muchos los casos que el PEJC nos remite periódicamente en los que nos vemos obligados a suspender indefinidamente a abogados por incumplir con los requisitos de educación continua. Véase Apéndice, 197 DPR 1093 (2016).

III

El licenciado Rivera Aponte desatendió su obligación de obtener los créditos de educación continua requeridos para los periodos de 2011-2014. Además, no compareció ante el PEJC cuando le fue solicitado. Tampoco compareció ante nos para rectificar su omisión o mostrar justa causa por la cual no cumplió con su obligación, a pesar de que se lo ordenamos. Aunque el PEJC le ofreció la alternativa de cambiar su estatus a abogado inactivo, el licenciado Rivera Aponte no realizó las gestiones correspondientes. Se le concedió amplia oportunidad para hacerlo.

Aunque somos conscientes de la delicada situación de salud del licenciado Rivera Aponte, ante su incumplimiento con los créditos de educación continua y con nuestras órdenes, nos vemos obligados a suspenderlo indefinidamente del ejercicio de la abogacía. Según lo exige la Regla 10 del Reglamento de Educación Jurídica Continua, supra, el licenciado Rivera Aponte no podrá ser readmitido al ejercicio de la abogacía a no ser que, en su moción para

solicitar la reinstalación a la profesión, evidencie que cumplió con los requisitos pendientes.

IV

Suspendemos inmediata e indefinidamente del ejercicio de la abogacía y, como consecuencia, de la notaría al licenciado Rivera Aponte. Le exigimos notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Rivera Aponte y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Rivera Aponte mientras la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Julio E. Rivera Aponte
                                        TS-8,231


                            *SENTENCIA*


En San Juan, Puerto Rico, a 10 de mayo de 2018.

        Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, Suspendemos inmediata e indefinidamente del ejercicio de la abogacía y, como consecuencia, de la notaría al licenciado Rivera Aponte. Le exigimos notificar a sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

        Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Rivera Aponte y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en

cuanto a los actos realizados por el señor Rivera Aponte mientras la fianza estuvo vigente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez, el Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez no intervinieron.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo