EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br><br>José O. Sepúlveda Padilla | 2016 TSPR 107<br><br>195 DPR ____ |

Número del Caso: TS-15,338


Fecha: 25 de mayo de 2016


Programa de Educación Jurídica Continua:

      Lcda. Geisa Marrero Martínez
      Directora Ejecutiva


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila de Jesús
      Director


Materia: La suspensión será efectiva el 26 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José O. Sepúlveda Padilla        TS-15,338      Conducta
                                                    Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 25 de mayo de 2016.

Por su reiterada indiferencia ante los requerimientos del Programa de Educación Jurídica Continua (Programa o PEJC) y de la Oficina de Inspección de Notarías (ODIN), así como su desidia ante las órdenes emitidas por este Tribunal, decretamos la separación inmediata e indefinida del Lcdo. José O. Sepúlveda Padilla (licenciado Sepúlveda Padilla) de la práctica de la abogacía y la notaría.

**I**

**A. Programa de Educación Jurídica Continua (PEJC)**

La pasada Directora del Programa de Educación Jurídica Continua, la Hon. Geisa M. Marrero Martínez (Directora del Programa), nos presentó un *Informe sobre Incumplimiento con* [los] *Requisito*[s]

*de Educación Jurídica Continua.*[1] Detalló el serio patrón de inobservancia desplegado por el licenciado Sepúlveda Padilla con las horas crédito de educación jurídica continua.[2] Describió, además, las múltiples gestiones y esfuerzos realizados, dirigidos a que el letrado cumpliese con los cursos correspondientes al periodo de **1 de agosto de 2007** al **31 de julio de 2009**, el primer periodo de cumplimiento una vez concluida la exención provista para los primeros dos años luego de haber sido admitido a la profesión legal. El letrado tampoco pagó la cuota por cumplimiento tardío que exige la Regla 30 del Programa.[3] 4 LPRA Ap. XVII-E, R. 30 (2012).

El **3 de septiembre de 2009** se le envió un *Aviso de Incumplimiento*, mediante el cual, entre otras opciones, se le confirió al letrado un periodo de sesenta (60) días adicionales para tomar el total de créditos requeridos. Ante su inacción, el **1 de septiembre de 2011** se le citó a una vista informal a celebrarse el **22 de septiembre** de ese mismo año.

---

[1]     El Informe en cuestión fue presentado el 10 de octubre de 2014.

[2]     La Regla 6(a) del Reglamento de Educación Jurídica Continua, vigente al momento de los hechos, exigía a todo abogado admitido al ejercicio de la abogacía tomar 24 horas crédito de educación jurídica continua cada bienio. 4 LPRA Ap. XVII-D, R. 6(a) (2012). Véase, además, la anterior Regla 28(A) del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-E, R. 28(A) (2012). De esa cantidad de horas, al igual que la disposición vigente, el abogado estaba obligado a tomar cuatro (4) de éstas en el tema de ética profesional y, aquellos que ejercen la notaría, venían obligados a tomar seis (6) horas en cursos vinculados a esa materia. Regla 6(a), *supra.*

[3]     En el expediente personal del Lcdo. José O. Sepúlveda Padilla (licenciado Sepúlveda Padilla) aparece que fue admitido al ejercicio de la abogacía el **16 de febrero de 2005** y prestó juramento como notario el 30 de marzo de 2005.

Llegado el día, el licenciado Sepúlveda Padilla compareció a la vista informal y solicitó una prórroga en la cual se comprometió a completar los requisitos reglamentarios del Programa.[4] Ahora bien, transcurrido un tiempo sustancial de casi tres años desde la vista informal, el **1 de agosto de 2014** se le notificó al letrado la *Determinación de la Directora Ejecutiva* del Programa en relación a la vista en cuestión. A esos efectos, la funcionaria le otorgó veinte (20) días para verificar su cumplimiento con los aludidos requisitos. Le apercibió que, de lo contrario, referiría el asunto a la consideración de la Junta del Programa de Educación Jurídica Continua (Junta). Se le informó, además, que su *Historial de Cursos Acreditados* reflejaba una deficiencia en los periodos subsiguientes, es decir del **año 2009 al año 2011** y del **año 2011 al año 2013**.[5] Considerada la inacción del letrado dentro del plazo concedido, la Directora presentó el caso ante la Junta y le recomendó rendir un informe a este Tribunal sobre dicho incumplimiento. Ese

---

[4]    Del Informe preparado por el Oficial Examinador surge que el letrado, según hizo constar, estaba pasando por una crisis económica personal, puesto que al separarse del bufete para el cual trabajaba en el 2007 y comenzar a laborar por cuenta propia, sus ingresos habían menguado drásticamente. El Oficial Examinador plasmó en su escrito que el abogado ostentaba una deficiencia de 8.25 créditos y adeudaba los cincuenta dólares ($50) por cumplimiento tardío.

[5]    El letrado había incumplido con los **tres periodos** comprendidos entre el **año 2007 hasta el año 2013**.

organismo acogió la recomendación de su Directora, quien nos sometió el Informe antes aludido.[6]

Así las cosas, el **20 de octubre de 2014** tomamos conocimiento del Informe y le concedimos veinte (20) días al licenciado Sepúlveda Padilla para que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión por incumplir con los requisitos reglamentarios de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Luego de examinar una solicitud de prórroga presentada ante esta Curia por el abogado de epígrafe, el **20 de noviembre de 2014** le otorgamos un término adicional de veinte (20) días para cumplir con nuestra Resolución anterior. Al presente, el licenciado Sepúlveda Padilla ha incumplido con lo ordenado por este Tribunal.

**B. Oficina de Inspección de Notarías (ODIN)**

El **18 de mayo de 2015** el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (Director de la ODIN), presentó un documento titulado *Informe sobre Incumplimiento de la Ley Notarial [de] Puerto Rico y su Reglamento y en Solicitud de Remedios*, mediante el cual nos alertó de la desatención del licenciado

---

[6] El licenciado Sepúlveda Padilla tampoco ha cumplido con las horas crédito concernientes al segundo y tercer periodo, respectivamente. El segundo periodo incumplido comprende desde el 1 de agosto de 2009 hasta el 31 de julio de 2011 y el tercer periodo desde el 1 de agosto de 2011 hasta el 31 de julio de 2013. A pesar de haber pagado la cuota por cumplimiento tardío del segundo y tercer periodo, todavía adeuda la multa relativa al primer periodo. De una *Certificación* emitida el **6 de mayo de 2016** por el actual Director del Programa de Educación Jurídica Continua, el Lcdo. José Ignacio Campos Pérez, surge que el licenciado Sepúlveda Padilla no ha tomado acción alguna para subsanar la deficiencia atinente a los periodos en incumplimiento.

Sepúlveda Padilla para con sus deberes notariales. El referido funcionario indicó que el **23 de diciembre de 2014** le dirigió una carta certificada con acuse de recibo al abogado de epígrafe para informarle que adeudaba treinta y seis (36) Índices de Actividad Notarial Mensual, así como cinco (5) Informes Estadísticos de Actividad Notarial Anual.**7** Por tal razón, le concedió un término de diez (10) días calendario para que sometiera los documentos adeudados y justificara por escrito las razones de su dilación. Esa comunicación fue devuelta a la ODIN el **29 de enero de 2015** por el Servicio Postal de los Estados Unidos (USPS), debido a que no fue reclamada ("*Unclaimed*").**8**

Por tal razón, el **11 de febrero de 2015** el Director de la ODIN le dirigió una segunda misiva al letrado, esta vez por correo ordinario y correo electrónico, requiriéndole cumplir con su obligación de presentar los índices

---

**7** Consta en el escrito presentado por el Director de la Oficina de Inspección de Notarías, Lcdo. Manuel E. Ávila De Jesús (Director de la ODIN), que el licenciado Sepúlveda Padilla no presentó los índices de actividad mensual correspondientes a los siguientes meses: diciembre 2011; enero a diciembre de 2012; enero a diciembre de 2013, y enero a noviembre de 2014. Consta, además, que el abogado de epígrafe tampoco sometió los informes de actividad notarial anual desde el 2009 al 2013. Al momento que el Director de la ODIN nos rindiera su Informe, ya el abogado debía cuarenta (40) índices mensuales y seis (6) informes anuales, puesto que incumplió con presentar los índices mensuales de diciembre de 2014 a marzo de 2015, así como el informe anual del 2014.

El Art. 12 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2023 (2010), impone a todo abogado el deber de remitir a la Oficina de Inspección de Notarías (ODIN) un índice mensual sobre su actividad notarial. Véase, Reglamento Notarial, 4 LPRA Ap. XXIV, R. 12 (2012). De otra parte, el Art. 13-A del mismo estatuto ordena a todo abogado remitir a la misma dependencia un informe estadístico anual. 4 LPRA sec. 2031a (2010). Véase, Reglamento Notarial, 4 LPRA Ap. XXIV, R. 13 (2012).

**8** Cabe mencionar que esta notificación le fue remitida al abogado a la misma dirección a la cual, tanto este Tribunal como el Programa de Educación Jurídica Continua, le habían dirigido sus comunicaciones. Incluso esa es la dirección que él colocó en la moción de prórroga de 12 de noviembre de 2014, presentada apenas un mes antes.

mensuales e informes anuales concernidos, y para ello le concedió hasta el **25 de febrero de 2015**, término final e improrrogable. La notificación en cuestión fue igualmente devuelta por el USPS por la siguiente razón: "*Return to Sender, Attempted -Not Known, Unable To Forward*").**9**

Es pertinente destacar que el **13 de marzo de 2015** el licenciado Sepúlveda Padilla dirigió un correo electrónico al Director de la ODIN. En esencia, el letrado informó que no había podido dar cumplimiento a los requerimientos debido a que había estado dos (2) semanas encamado por motivo de enfermedad y a que, posteriormente, sufrió una caída que requirió de asistencia médica y hospitalaria. El abogado solicitó hasta el **18 de marzo de 2015** para hacer entrega de los documentos requeridos.**10**

Posteriormente, el **16 de marzo de 2015**, el Director de la ODIN remitió una tercera comunicación, vía correo ordinario y correo electrónico, en la cual le reiteró su requerimiento. Le otorgó para ello hasta el **19 de marzo de 2015**, término final e improrrogable. Ante la inacción del licenciado Sepúlveda Padilla, el Director de la ODIN sometió el asunto ante nuestra consideración.

---

**9** Esta carta le fue remitida a una dirección postal distinta.

**10** Es importante mencionar que esa no fue la única ocasión en que el letrado se comprometió a dar cumplimiento a los requerimientos de la ODIN. De un documento en autos titulado *Registro de Solicitud de Moción en Índices Adeudados* surge una nota de la Sra. Elby Fuentes Flores, integrante de la Unidad de Informes Notariales de esa misma dependencia, donde indica que el **8 de octubre de 2014** se comunicó por teléfono con el licenciado Sepúlveda Padilla y que éste se había comprometido a atender el asunto relacionado a los documentos adeudados.

Examinado el Informe presentado por el Director de la ODIN, el **19 de junio de 2015** ordenamos la incautación preventiva e inmediata de la obra y sello notarial del licenciado Sepúlveda Padilla. Asimismo, le concedimos un término de diez (10) días para que mostrara causa por la cual no debía ser suspendido indefinidamente de la abogacía y de la notaría por contravenir la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq.* (2010 y Sup. 2015), y su Reglamento, 4 LPRA Ap. XXIV, R. 1 *et seq.* (2012), y por no atender las órdenes de este Tribunal, así como los requerimientos de la ODIN. Esta Resolución fue diligenciada personalmente a través de la Oficina del Alguacil de este Tribunal el **29 de junio de 2015**. Hasta el presente el letrado no ha dado cumplimiento a nuestras órdenes.

## II

### A. Canon 2 del Código de Ética Profesional

Los abogados admitidos a este Foro poseen la responsabilidad de velar por la calidad y excelencia de los servicios legales que ofrecen a la ciudadanía. 4 LPRA Ap. IX, C. 2 (2012) (Canon 2). Este deber del abogado para con la sociedad aparece consagrado en el Canon 2 de Ética Profesional.[11] También, aparece consignado en el

---

[11] Entre otras cosas, el Canon 2 del Código de Ética Profesional dispone lo siguiente:

> A fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado […] debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos […]. 4 LPRA Ap. IX, C. 2 (2012).

Reglamento del PEJC, dependencia encargada de la encomienda de contribuir al mejoramiento académico y profesional de la clase togada de Puerto Rico, así como de asegurar que sus servicios sean brindados dentro del más alto nivel de competencia, calidad y ética.[12]   4 LPRA Ap. XVII-E, R. 3 (2012).   Véase, además, In re Pérez Menéndez, 2015 TSPR 174, 194 DPR ___ (2015).

Cónsono a lo anterior, todo abogado activo debe cumplir con las horas crédito de educación jurídica continua que exigen las disposiciones reglamentarias aplicables. Reglamento de Educación Jurídica Continua, según enmendado, 4 LPRA Ap. XVII-D, R. 1 et al. (2012) y Reglamento del Programa de Educación Jurídica Continua, según enmendado, 4 LPRA Ap. XVII-E, R. 1 et al. (2012).   Véase, además, In re Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua, ER-2015-03, 2015 TSPR 77, 193 DPR __ (2015).   Un abogado que omite tomar la cantidad de cursos requeridos, no tan solo transgrede las disposiciones reglamentarias, sino que además menoscaba su obligación de respetar el Canon 2 de Ética Profesional.

---

[12]    En aras de facilitar el cumplimiento con este precepto, este Tribunal creó un programa de educación jurídica continua compulsoria mediante la aprobación del Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, R. 1 et seq. (2012). In re Nieves Vázquez, et al., 2016 TSPR 22, 194 DPR ___ (2016).   Se le delegó a la Junta de Educación Jurídica Continua la tarea de velar por el cumplimiento de los requisitos dispuestos en el mismo. In re Nieves Vázquez, et al., supra; In re Ezratty Samo, et al., 2016 TSPR 19, 194 DPR ___ (2016). Por su parte, el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-E, R. 1 et seq. (2012), dispone un andamiaje procesal que facilita a la Junta lograr su cometido, en la medida en que provee a los abogados una guía para que puedan observar los requisitos de educación jurídica, a la vez que proporciona un proceso para atender los casos de incumplimiento. Íd.

**B.   Canon 9 del Código de Ética Profesional**

Los abogados, como funcionarios de este Tribunal, ostentan la imperiosa responsabilidad de respetar, acatar y responder oportuna y diligentemente nuestras órdenes.  In re Rodríguez Zayas, 2015 TSPR 175, 194 DPR ___ (2015). Esta obligación inherente al ejercicio de la abogacía aparece consagrada en el Canon 9 del Código de Ética Profesional.  4 LPRA Ap. IX, C. 9 (2012) (Canon 9).  Cada vez que un letrado asume una actitud indiferente y pasiva frente a nuestros requerimientos, particularmente aquellos concernientes al trámite disciplinario, le falta el respeto a este Foro e infringe la concernida disposición ética.  In re Crespo Peña, 2016 TSPR 65, 195 DPR ___ (2016); In re Nieves Vázquez, *et al.*, 2016 TSPR 22, 194 DPR ___ (2016); In re Ezratty Samo, *et al.*, 2016 TSPR 19, 194 DPR ___ (2016); In re Rodríguez Zayas, *supra*.

Esta obligación de la clase togada se extiende a las entidades públicas a las cuales le hemos delegado alguna función en la faena de regular el ejercicio de la profesión legal en nuestra jurisdicción, como la Oficina de la Procuradora General, la Oficina de Inspección de Notarías y la Junta del Programa de Educación Jurídica Continua.  In re Ezratty Samo, *et al.*, *supra*.  Cuando un abogado despliega una conducta de indiferencia respecto a los requerimientos de cualquiera de esas dependencias públicas, ello equivale a un agravio directo a la autoridad de este Tribunal.  In re Troche Mercado, 2016 TSPR 42, 194 DPR ___

(2016); In re Rodríguez Zayas, *supra*. Por lo tanto ante tal actuación, procede, sin ambages, su suspensión inmediata e indefinida de la profesión legal. In re Ortiz Walter, 2016 TSPR 26, 194 DPR ___ (2016); In re Ezratty Samo, *et al.*, *supra*.

## III

En este caso, los escritos sometidos por los Directores del PEJC y de la ODIN, respectivamente, detallan cada una de las gestiones realizadas por éstos para lograr el cumplimiento del licenciado Sepúlveda Padilla con los requerimientos de estas dependencias. A pesar del tiempo transcurrido y de las múltiples oportunidades que le fueran concedidas para que observara sus deberes notariales, así como los requisitos del PEJC, el letrado optó por cruzarse de brazos. Idéntico menosprecio ha asumido frente a las órdenes de esta Curia. El comportamiento desplegado por el licenciado Sepúlveda Padilla demuestra un patrón de conducta irrespetuosa contrario a sus obligaciones, tanto ministeriales como ético-profesionales, que no estamos dispuestos a tolerar.

## IV

En consideración a los fundamentos antes reseñados, **decretamos la separación inmediata e indefinida del Lcdo. José O. Sepúlveda Padilla del ejercicio de la abogacía y la notaría a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.**

Por tal razón, le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos. Asimismo, se le ordena que devuelva a sus clientes tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos. Se le impone, además, la obligación de informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese **personalmente** esta Opinión *Per Curiam* y Sentencia al Lcdo. José O. Sepúlveda Padilla a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José O. Sepúlveda Padilla                                      Conducta
                                    TS-15,338                  Profesional

SENTENCIA

En San Juan, Puerto Rico a 25 de mayo de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. José O. Sepúlveda Padilla del ejercicio de la abogacía y de la notaría a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

El Lcdo. José O. Sepúlveda Padilla deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos. Asimismo, deberá devolverles tanto los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. Tendrá, además, la obligación de informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

Notifíquese la Opinión *Per Curiam* que antecede y esta Sentencia al licenciado Sepúlveda Padilla personalmente a través de la Oficina del Alguacil de este                                      Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo