EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Alvia L. Gómez Riefkohl<br>Klarimarie Báez Nazario<br>Sylvia Herrera López<br>Carmen Teresa Ubarri Nevares<br>Víctor A. Lago Aballi | 2017 TSPR 41<br><br>197 DPR ____ |

Número del Caso: TS-4,799
                 TS-12,925
                 TS-2,588
                 TS-11,663
                 TS-10,697

Fecha: 17 de marzo de 2017

Programa de Educación Jurídica Continua

        Hon. José Ignacio Campos Pérez
        Director Ejecutivo

 Abogados de las partes peticionarias

        Por Derecho Propio

Materia: Conducta Profesional –

**TS-4,799**
La suspensión será efectiva el **27 de marzo de 2017,** fecha en que se le notificó por correo al abogado de su suspensión inmediata

**TS-12,925**
La suspensión será efectiva el **27 de marzo de 2017,** fecha en que se le notificó por correo al abogado de su suspensión inmediata.

**TS-2,588**
La suspensión será efectiva el **27 de marzo de 2017,** fecha en que se le notificó de su suspensión inmediata.

**TS-11,663**
La suspensión será efectiva el **27 de marzo de 2017,** fecha en que se le notificó de su suspensión inmediata.

**TS-10,697**
La suspensión será efectiva el **27 de marzo de 2017,** fecha en que se le notificó de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

|                            |           |              |
|----------------------------|-----------|--------------|
|                            | TS-4799   |              |
|                            | TS-12925  | Conducta     |
| Alvia L. Gómez Riefkohl    | TS-2588   | Profesional  |
| Klarimarie Báez Nazario    | TS-11663  |              |
| Sylvia Herrera López       | TS-10697  |              |
| Carmen Teresa Ubarri Nevares |         |              |
| Víctor A. Lago Aballi      |           |              |

PER CURIAM

En San Juan, Puerto Rico, a 17 de marzo de 2017.

I.

Una vez más nos vemos obligados a suspender a varios letrados del ejercicio de la abogacía por: incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), no acatar las órdenes y requerimientos de este Tribunal, y no mantener actualizados sus datos personales en el Registro Único de Abogados y Abogadas (RUA).

**A. Alvia L. Gómez Riefkohl, TS-4799**

La Lcda. Alvia L. Gómez Riefkohl fue admitida al ejercicio de la abogacía el 20 de mayo de 1975.

Del expediente no surge que está admitida a la notaría. El 21 de junio de 2016, el Director Ejecutivo del PEJC presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, donde detalló que la licenciada Gómez Riefkohl incumplió con los requisitos de educación jurídica continua para el periodo del 1 de octubre de 2007 al 30 de septiembre de 2009. Además, nos informó que la letrada incumplió con los periodos del 1 de octubre de 2009 al 30 de septiembre de 2011 y del 1 de octubre de 2011 al 30 de septiembre de 2013, sin embargo, del expediente no surge que se notificaron o llevaron a cabo vistas informales para estos periodos.

Surge del informe, que el 1 de diciembre de 2009, el Director Ejecutivo del PEJC le envió a la letrada un *Aviso de Incumplimiento*, en donde le otorgó a la licenciada Gómez Riefkohl sesenta días adicionales para completar los requisitos de educación jurídica continua del periodo del 1 de octubre de 2007 al 30 de septiembre de 2009. Además, le requirió pagar la cuota por cumplimiento tardío que establece la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, <u>In re Aprobación Regl. Prog. Educ. Jur</u>, 164 DPR 555 (2005). Transcurrido el término conferido, la licenciada Gómez Riefkohl no completó los requisitos ni pagó la cuota por cumplimiento tardío. Entonces, el PEJC la citó a una vista informal a celebrarse el 7 de febrero de 2012, a la cual la letrada no compareció. A raíz de su incomparecencia, la entonces

Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, emitió una determinación en la cual le concedió a la licenciada Gómez Riefkohl treinta días para subsanar la deficiencia y pagar la cuota por cumplimiento tardío. Asimismo, le advirtió que el incumplimiento con lo anterior conllevaría que su caso fuese llevado ante la consideración de la Junta de Educación Jurídica Continua, para que esta determinara si referiría su caso a este Tribunal. Finalmente, le apercibió que, si el caso era referido a nosotros, se nos informaría sobre su incumplimiento con los requisitos del PEJC durante periodos posteriores.

Una vez recibimos el expediente del caso emitimos una Resolución en la que le concedimos un término de veinte días a la licenciada Gómez Riefkohl, para que compareciera y mostrara causa por la cual no debíamos suspenderla del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua. No obstante, esta ignoró nuestra orden. Como resultado, emitimos una segunda Resolución donde le otorgamos a la abogada un periodo final de diez días para contestar. Esta última Resolución fue enviada a la dirección postal para notificaciones al abogado que surge del RUA. Sin embargo, el servicio postal la devolvió.

**B. Klarimarie Báez Nazario, TS-12925**

La Lcda. Klarimarie Báez Nazario fue admitida al ejercicio de la abogacía el 25 de enero de 2000. Surge del expediente que el 29 de julio de 2003, emitimos una Resolución en donde dimos por terminada la fianza notarial otorgada a la abogada por el Colegio de Abogados de Puerto Rico. Esto, a causa de la renuncia presentada por esta al ejercicio de la notaría el 19 de junio de 2002. El 16 de julio de 2016, el Director Ejecutivo del PEJC presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, donde nos informó que la licenciada Báez Nazario incumplió con los requisitos de educación jurídica continua para el periodo del 1 de octubre de 2009 al 30 de septiembre de 2011. Además, nos informó que la letrada también incumplió con el periodo del 1 de octubre de 2011 al 30 de septiembre de 2013, sin embargo, del expediente no surge que se notificó o celebró una vista informal para este periodo.

Surge del informe que el 10 de enero de 2012, el Director Ejecutivo de la PEJC le envió a la letrada un *Aviso de Incumplimiento*, en el que le otorgó sesenta días adicionales para completar los requisitos de educación jurídica continua del periodo del 1 de octubre de 2009 al 30 de septiembre de 2011. Además, le requirió pagar la cuota por cumplimiento tardío que establece la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, supra. Transcurrido el término conferido, la

licenciada Báez Nazario no completó los requisitos ni pagó la cuota por cumplimiento tardío. Entonces, el PEJC la citó a una vista informal a celebrarse el 23 de junio de 2014, a la cual la abogada no compareció. La entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, emitió una orden en la que le concedió treinta días para evidenciar el cumplimiento y pagar la cuota por cumplimiento tardío. Asimismo, le advirtió que el incumplimiento con lo anterior conllevaría que su caso fuese referido a la Junta de Educación Jurídica Continua, para que esta determinara si lo referiría a este Tribunal. Finalmente, le apercibió que si el caso era referido a nosotros, se nos informaría sobre su incumplimiento con los requisitos del PEJC durante periodos posteriores.

Luego de que recibimos el expediente en cuestión, emitimos una Resolución en la que le concedimos a la licenciada Báez Nazario un término de veinte días para que compareciera y mostrara causa por la cual no debíamos suspenderla del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Debido a que la letrada no contestó, emitimos una segunda Resolución en la que le concedimos un periodo final de diez días para que cumpliera con lo ordenado. Esta última Resolución fue enviada a la dirección postal para notificaciones al abogado según surge del RUA. Sin embargo, el servicio postal la devolvió.

**C. Sylvia Herrera López, TS-2588**

La Lcda. Sylvia Herrera López fue admitida al ejercicio de la abogacía el 19 de abril de 1965 y al ejercicio de la notaría el 12 de agosto de 1998. El 4 de noviembre de 2016, el Director Ejecutivo del PEJC presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, donde detalló que la licenciada Herrera López incumplió con los requisitos de educación jurídica continua para el periodo del 1 de noviembre de 2007 al 31 de octubre de 2009. Además, nos informó que la letrada incumplió con los requisitos de los periodos del 1 de noviembre de 2009 al 31 de octubre de 2011 y del 1 de noviembre de 2011 al 31 de octubre de 2013, sin embargo, del expediente no surge que se notificaron o llevaron a cabo vistas informales para estos periodos.

Surge del informe que el 21 de diciembre de 2009, el Director Ejecutivo del PEJC le envió a la abogada un *Aviso de Incumplimiento*, en donde le otorgó sesenta días adicionales para completar los requisitos de educación jurídica continua del periodo del 1 de noviembre de 2007 al 31 de octubre de 2009. Además, le requirió pagar la cuota por cumplimiento tardío que establece la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, supra. Transcurrido el término conferido, la licenciada Herrera López no completó los requisitos ni pagó la cuota por cumplimiento tardío. Entonces, el PEJC la citó a una vista informal a celebrarse el 27 de abril

de 2012, a la cual esta no compareció. La entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, emitió una determinación mediante la cual le concedió a la licenciada Herrera López treinta días para subsanar la deficiencia y pagar la cuota por cumplimiento tardío. Asimismo, le advirtió que el incumplimiento con lo anterior conllevaría que su caso fuese llevado ante la consideración de la Junta de Educación Jurídica Continua, para que esta determinara si referiría su caso a este Tribunal. Finalmente, le apercibió que si el caso era referido a nosotros, se nos informaría sobre su incumplimiento con los requisitos del PEJC durante periodos posteriores.

Tanto la citación a la vista informal como los Avisos de Incumplimiento de los periodos 2009-2011 y 2011-2013, se enviaron a la dirección postal para notificaciones al abogado que surge del RUA. Sin embargo, el servicio postal los devolvió.

Luego de recibir el expediente en cuestión, emitimos una Resolución en la que le concedimos un término de veinte días a la licenciada Herrera López para que compareciera y mostrara causa por la cual no debíamos suspenderla del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. La Resolución fue enviada a la dirección postal para

notificaciones al abogado que surge del RUA. Sin embargo, el servicio postal la devolvió.

## D. Carmen Teresa Ubarri Nevares, TS-11663

La Lcda. Carmen Teresa Ubarri Nevares fue admitida al ejercicio de la abogacía el 26 de junio de 1996. Surge del expediente que el 30 de mayo de 2003, emitimos una Resolución en donde dimos por terminada la fianza notarial otorgada a la abogada por el Colegio de Abogados de Puerto Rico. Esto, a causa de la renuncia presentada por esta al ejercicio de la notaría el 20 de noviembre de 2002. El 17 de noviembre de 2016, el Director Ejecutivo del PEJC presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, en el que detalló que la licenciada Ubarri Nevares incumplió con los requisitos que dispone el Reglamento de Educación Jurídica Continua, supra, para el periodo del 1 de noviembre de 2007 al 31 de octubre de 2009. Además, nos informó que la letrada incumplió con los requisitos de los periodos del 1 de noviembre de 2009 al 31 de octubre de 2011 y del 1 de noviembre de 2011 al 31 de octubre de 2013, sin embargo, del expediente no surge que se notificaron o llevaron a cabo vistas informales para estos periodos.

Surge del informe que el 21 de diciembre de 2009, el Director Ejecutivo del PEJC le envió a la letrada un *Aviso de Incumplimiento*, en donde le otorgó sesenta días adicionales para completar los requisitos de educación

jurídica continua del periodo del 1 de noviembre de 2007 al 31 de octubre de 2009. Además, le requirió pagar la cuota por cumplimiento tardío que establece la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, supra. Transcurrido el término conferido, la licenciada Ubarri Nevares no completó los requisitos ni pagó la cuota de cumplimiento tardío. Entonces, el PEJC la citó a una vista informal a celebrarse el 20 de abril de 2012, a la cual la letrada no compareció. La entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, emitió la orden en donde concedió a la licenciada Ubarri Nevares treinta días para evidenciar el cumplimiento y pagar la cuota por cumplimiento tardío. Asimismo, le advirtió que el incumplimiento con lo anterior conllevaría que su caso fuese llevado ante la consideración de la Junta de Educación Jurídica Continua, para que esta determinara si referiría su caso a este Tribunal. Finalmente, le apercibió que si el caso nos era referido, se nos informaría sobre su incumplimiento con los requisitos del PEJC durante los periodos posteriores.

Tanto la citación a la vista informal como los Avisos de Incumplimiento para los periodos de 2009-2011 y de 2011-2013, se enviaron a la dirección postal para notificaciones al abogado que surge del RUA. Sin embargo, el servicio postal los devolvió.

Una vez recibimos el expediente en cuestión emitimos una Resolución en la que le concedimos un término de

veinte días a la licenciada Ubarri Nevares, para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. La Resolución se envió a la dirección postal para notificaciones al abogado que surge del RUA. No obstante, el servicio postal la devolvió.

**E. Víctor A. Lago Aballi, TS-10697**

El Lcdo. Víctor A. Lago Aballi fue admitido al ejercicio de la abogacía el 4 de enero de 1994. Surge del expediente que el 8 de enero de 1997, emitimos una Resolución en donde dimos por terminada la fianza notarial otorgada al abogado por el Colegio de Abogados de Puerto Rico. Esto, a causa de la renuncia presentada por este al ejercicio de la notaría el 18 de noviembre de 1996. El 17 de noviembre de 2016, el Director Ejecutivo del PEJC presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, donde expresó que el letrado incumplió con los requisitos de educación jurídica continua para el periodo del 1 de noviembre de 2007 al 31 de octubre de 2009. Además, se nos informó que el letrado incumplió con los periodos del 1 de noviembre 2009 al 31 de octubre de 2011 y del 1 de noviembre de 2011 al 31 de octubre de 2013, sin embargo, del expediente no surge que notificaron o llevaron a cabo vistas informales para estos periodos.

Surge del informe que el 21 de diciembre de 2009, el Director Ejecutivo del Programa de Educación Jurídica Continua le envió al letrado un *Aviso de Incumplimiento*, en donde le otorgó sesenta días adicionales para completar los requisitos de educación jurídica continua del periodo del 1 de noviembre de 2007 al 31 de octubre de 2009. Además, le requirió pagar la cuota por cumplimiento tardío que establece la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, supra. El término transcurrió y el licenciado Lago Aballí no cumplió con lo solicitado. En consecuencia, el PEJC citó al abogado a una vista informal a celebrarse el 25 de abril de 2012, a la cual este no compareció.

El 3 de junio de 2013, la entonces Directora Ejecutiva del PEJC, la Lcda. Geisa Marrero Martínez, le envió una comunicación al letrado en donde le indicó que había obtenido información de la cual surgía que estaba admitido a ejercer la profesión de la abogacía en el estado de Florida. A tales efectos, le concedió treinta días para presentar información sobre su práctica legal desde el año 2007. Asimismo, le solicitó que informara si tenía intención de solicitar el status de abogado inactivo en la Secretaría de este Tribunal. Esta también le orientó sobre la posibilidad de que fuera elegible para solicitar un relevo o exoneración por justa causa según autoriza el Reglamento del Programa de Educación Jurídica Continua, supra, si el abogado está admitido a la práctica de la

profesión legal en cualquier estado o jurisdicción de Estados Unidos que cuente con un programa de educación jurídica continua. Finalmente, le advirtió que el incumplimiento con lo anterior podría conllevar que su caso fuese referido a este Tribunal.

No empece lo anterior, el licenciado Lago Aballi no respondió al requerimiento enviado. Por consiguiente, el 16 de abril de 2015, la entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, le notificó el *Informe del Oficial Administrador* junto con su determinación. En esta, le concedió treinta días para subsanar la deficiencia y pagar la cuota por cumplimiento tardío. Asimismo, le advirtió que el incumplimiento con lo anterior conllevaría que su caso fuese llevado ante la consideración de la Junta de Educación Jurídica Continua, para que esta determinara si referiría su caso a este Tribunal. En la alternativa, le concedió al licenciado Lago Aballi treinta días para que proveyera la información solicitada en la comunicación del 3 de junio de 2013. También le notificó que de referirse el caso a este Tribunal, nos informarían sobre su incumplimiento con los requisitos del PEJC durante los periodos posteriores.

Surge del informe del Director Ejecutivo del PEJC, que tanto la citación a la vista informal como la comunicación del 3 de junio de 2013 y los Avisos de Incumplimiento para los periodos de 2009-2011 y de 2011-2013, fueron enviados

a la dirección para notificaciones al abogado que surge del RUA. Sin embargo, el servicio postal los devolvió.

Una vez recibimos el expediente de este caso, emitimos una Resolución en la que le concedimos un término de veinte días al licenciado Lago Aballi para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. La Resolución también fue enviada a la dirección postal para notificaciones al abogado que aparece en el RUA. No obstante, el servicio postal la devolvió.

## II.

De acuerdo con lo establecido en el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX:

> A fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional…

Cónsono con las disposiciones de este Canon, adoptamos el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, según enmendado, y el Reglamento del Programa de Educación Jurídica Continua, supra.[1] De acuerdo

---

[1] Las enmiendas realizadas en el 2015 al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua no aplican en estos casos.

con la Regla 6 del Reglamento de Educación Jurídica Continua, *supra*, todos los abogados activos en la profesión, salvo ciertas excepciones, deben tomar veinticuatro horas créditos en educación continua cada dos años.

En caso de que el abogado incumpla con los requisitos de educación jurídica continua, la Regla 29 del Reglamento del Programa de Educación Jurídica Continua, *supra*, dispone para que dentro de los treinta días siguientes a la terminación del periodo de cumplimiento se le envíe a este un *Aviso de Incumplimiento*. Dispone, además, que todo abogado que cumpla tardíamente con los requisitos de educación jurídica continua tiene que explicar las razones para cumplir tardíamente y pagar una cuota de $50. Regla 30 del Reglamento del Programa de Educación Jurídica Continua, *supra*. El abogado puede presentar el informe de cumplimiento, las razones para el cumplimiento tardío y la cuota, hasta treinta días después de haber recibido el *Aviso de Incumplimiento*. *Íd*. De no cumplir con lo anterior el abogado será citado a una vista informal, donde tendrá la oportunidad de presentar prueba sobre las razones por las que incumplió con los requisitos de educación continua. Reglas 31 y 32 del Reglamento del Programa de Educación Jurídica Continua, *supra*. El abogado que no cumpla con lo anterior, se expone a enfrentar sanciones de este Tribunal, que pueden incluir la separación indefinida

de la profesión. In re González Borgos, 192 DPR 926, 932 (2015).

En cuanto al deber de los abogados de contestar a nuestros requerimientos, el Canon 9 de Ética Profesional, supra, dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". En reiteradas ocasiones hemos resuelto que los abogados tienen el deber y la obligación de contestar, de manera oportuna y diligente, los requerimientos y órdenes de este Tribunal, y sus dependencias, particularmente en procesos disciplinarios. In re Toro Soto, 181 DPR 654, 660 (2011). Véase también, In re Rivera Trani, 188 DPR 454, 460-61 (2013). En otras palabras, asumir una actitud de **menosprecio** e **indiferencia** ante nuestras órdenes, las de nuestros funcionarios y organismos denota una falta de respeto hacia nuestra autoridad y constituye una violación al Canon 9. Véase, In re Colón Collazo, 2016 TSPR 184, pág. 2, 196 DPR ___ (2016). Cónsono con lo que hemos resuelto, reiteramos que "la dejadez es incompatible con el ejercicio de la abogacía". In re Rivera Trani, supra, pág. 461. Véase además, In re González Barreto, 169 DPR 772, 774 (2006). Por consiguiente, cumplir con lo dispuesto en el Canon 9, supra, es razón suficiente para separar a un abogado de la profesión. In re Toro Soto, supra, pág. 660. Véase además, In re Irizarry Irizarry, 190 DPR 368, 375 (2014).

Por otro lado, la Regla 9(j) del Reglamento del Tribunal Supremo de 2011, 4 LPRA Ap. XXI-B, dispone:

> El Secretario o la Secretaria tendrá a su cargo el Registro Único de Abogados y Abogadas de Puerto Rico con el nombre y apellidos de todos los abogados autorizados y todas las abogadas autorizadas a postular ante los tribunales y a ejercer la notaría, las fechas en que fueron admitidos y admitidas al ejercicio de su profesión, su número ante el Tribunal Supremo, los números de teléfono de su oficina y los personales, el número de fax, su dirección postal personal y de oficina, dirección física de oficina y residencia, localización de la oficina notarial (si la tiene), la dirección seleccionada por el abogado o la abogada para recibir las notificaciones y su dirección electrónica. Todo abogado, toda abogada, notarios y notarias tendrán la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único.

Con el propósito de mantener toda la información centralizada, organizada y accesible a todos los abogados se creó el RUA. In re Toro Soto, supra, pág. 661. La confianza pública depositada en los abogados y la naturaleza de la profesión requieren que todos los letrados cumplan con el deber de informar oportunamente a este Tribunal cualquier cambio que ocurra en su dirección de notificaciones. In re Sanabria Ortiz, 156 DPR 345, 349 (2002). Esta es la única forma en la que este Tribunal puede velar que los abogados cumplan fielmente con sus compromisos profesionales. Íd. Cuando un abogado incumple con su deber de actualizar su información personal en el RUA, entorpece y obstaculiza el que podamos ejercer efectivamente nuestra jurisdicción en casos

disciplinarios. In re Rivera Trani, supra, pág. 460. Hemos resuelto que el incumplimiento con la Regla 9(j) del Reglamento del Tribunal Supremo de 2011, supra, puede tener como consecuencia sanciones a los letrados, incluyendo sanciones disciplinarias como la suspensión indefinida. In re Rs. Proc. Civil y R.T. Supremo, 179 DPR 174, 176 (2010); In re Toro Soto, supra, pág. 661.

III.

**A. TS-4799**

La Lcda. Alvia Gómez Riefkohl incumplió con los requisitos de educación jurídica continua del PEJC, del periodo del 2007 al 2009. Asimismo, no cumplió con los requerimientos y las órdenes hechas por el PEJC, y este Tribunal. Además, incumplió con mantener al día su dirección de notificaciones en el RUA, imposibilitando el que se le puedan notificar las órdenes de este Tribunal o de cualquiera de nuestras dependencias.

**B. TS-12925**

La Lcda. Klarimarie Báez Nazario incumplió con los requisitos de educación jurídica continua del PEJC, del periodo del 2009 al 2011. Asimismo, no cumplió con los requerimientos y las órdenes hechas por el PEJC, y este Tribunal. Además, incumplió con mantener al día su dirección de notificaciones en el RUA, imposibilitando el proceso de notificar las órdenes de este Tribunal o de cualquiera de nuestras dependencias.

### C. TS-2588

La Lcda. Sylvia Herrera López incumplió con los requisitos de educación jurídica continua del PEJC, del periodo del 2007 al 2009. Asimismo, no cumplió con los requerimientos y las órdenes hechas por el PEJC, y este Tribunal. Además, incumplió con mantener al día su dirección de notificaciones en el RUA, imposibilitando el proceso de notificar las órdenes de este Tribunal o de cualquiera de nuestras dependencias.

### D. TS-11663

La Lcda. Carmen Teresa Ubarri Nevares incumplió con los requisitos de educación jurídica continua del PEJC, del periodo 2007 al 2009. Asimismo, no cumplió con los requerimientos y las órdenes hechas por el PEJC, y este Tribunal. Además, incumplió con mantener al día su dirección de notificaciones en el RUA, imposibilitando el proceso de notificar las órdenes de este Tribunal o de cualquiera de nuestras dependencias.

### E. TS-10697

El Lcdo. Víctor A. Lago Aballi incumplió con los requisitos de educación jurídica continua del PEJC, del periodo del 2007 al 2009. Asimismo, no cumplió con los requerimientos y las órdenes hechas por el PEJC, y este Tribunal. Además, incumplió con mantener al día su dirección de notificaciones en el RUA, imposibilitando el proceso de notificar las órdenes de este Tribunal o de cualquiera de nuestras dependencias.

Bajo ningún concepto podemos avalar ese tipo de comportamiento. Las suspensiones que decretamos hoy son el producto exclusivo de la falta de diligencia de estos abogados por no cumplir con los requisitos de educación jurídica continua, mostrar una falta total de diligencia ante los requerimientos y las órdenes de este Tribunal y el PEJC, y no mantener al día sus direcciones, lo que impidió el recibo de notificaciones a los abogados.

IV.

Por los fundamentos expuestos, se dictará Sentencia en la cual suspendemos inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Alvia L. Gómez Riefkohl, la Lcda. Klarimarie Báez Nazario, la Lcda. Sylvia Herrera López, la Lcda. Carmen Teresa Ubarri Nevares y al Lcdo. Víctor A. Lago Aballi.

Se les impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tengan algún caso pendiente. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la

Lcda. Sylvia Herrera López, y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de Conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

|  | TS-4799 | |
| Alvia L. Gómez Riefkohl | TS-12925 | Conducta |
| Klarimarie Báez Nazario | TS-2588 | Profesional |
| Sylvia Herrera López | TS-11663 | |
| Carmen Teresa Ubarri Nevares | TS-10697 | |
| Víctor A. Lago Aballi | | |

SENTENCIA

En San Juan, Puerto Rico, a 17 de marzo de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, se suspenden inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Alvia L. Gómez Riefkohl, la Lcda. Klarimarie Báez Nazario, la Lcda. Sylvia Herrera López, la Lcda. Carmen Teresa Ubarri Nevares y al Lcdo. Víctor A. Lago Aballi.

Se les impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tengan algún caso pendiente. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello

notarial de la Lcda. Sylvia Herrera López, y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo