EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Ludmilia Rivera Burgos | 2018 TSPR 79<br><br>200 DPR ____ |

Número del Caso:  TS-2,089


Fecha: 8 de mayo de 2018


Abogado de la promovida:

> por derecho propio.


Programa de Educación Jurídica Continua:

> Lcdo. José I. Campos Pérez
> Director


Materia:  Conducta Profesional – La suspensión será efectiva el 17 de mayo de 2018, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Ludmilia Rivera Burgos          TS-2,089

PER CURIAM

En San Juan, Puerto Rico, a 8 de mayo de 2018.

En el día de hoy, nos vemos obligados, una vez más, a suspender del ejercicio de la abogacía y la notaría a un miembro de la profesión que ha incumplido, en reiteradas ocasiones, con las órdenes de este Tribunal y con los requerimientos de una de nuestras dependencias. Veamos.

I.

La licenciada Ludmilia Rivera Burgos fue admitida al ejercicio de la abogacía el 29 de septiembre de 1961 y juramentó como notaria el 18 de octubre de 1961.

Posteriormente, el 14 de abril de 1983 la mencionada letrada fue suspendida indefinidamente del ejercicio de la notaría. No obstante, tras una oportuna solicitud de reconsideración, el 21 de abril de 1983 fue reinstalada al ejercicio de la notaría.

Más adelante, y tras ser peticionado por la licenciada Rivera Burgos, el 25 de enero de 1984 este Tribunal autorizó su cese voluntario del ejercicio de la notaría. Años más tarde, el 7 de noviembre de 1994 para ser específicos, y luego de ser solicitado por ésta, la referida abogada fue readmitida al notariado.

Así las cosas, el 12 de mayo de 2017, el Director Ejecutivo del Programa de Educación Jurídica Continua (PEJC), el Lcdo. José Ignacio Campos Pérez, acudió ante este Tribunal mediante un *Informe Sobre Incumplimiento Con Requisito de Educación Jurídica Continua*, en el cual nos informó sobre varios profesionales del derecho que no cumplieron con los requisitos establecidos en el *Reglamento del Programa de Educación Jurídica Continua (en adelante "Reglamento del Programa")*[1], según enmendado, durante el periodo de 1 de agosto de 2009 al 31 de julio de 2011. Entre los profesionales del derecho incluidos en el referido *Informe*, se encontraba la licenciada Rivera Burgos. A ésta se le envió un *Aviso de Incumplimiento* el 2 de noviembre de 2011, mediante el cual

---

[1] Aprobado por el Tribunal Supremo mediante *In re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR 555 (2005); enmendado mediante *In re R. 4. Prog. Educ. Jur. Cont.*, 183 DPR 48 (2011) y mediante *In re Emndas. R. Educ. Jur. Cont.*, 193 DPR 233 (2015).

se le concedió un término de sesenta (60) días para que tomara los cursos necesarios para subsanar su deficiencia y pagar la cuota por cumplimiento tardío que dispone la Regla 30(C) del *Reglamento del Programa*.

Transcurrido un periodo razonable para completar los requisitos adeudados, el 28 de febrero de 2014 el PEJC le envió a la mencionada letrada una citación para una vista informal. Además, se le advirtió que podía comparecer personalmente o mediante escrito, siempre que lo hiciera dentro de diez (10) días a partir de la notificación de la referida citación.

A pesar de esto, la licenciada Rivera Burgos no compareció a la vista informal presencialmente ni mediante escrito. No obstante, el día de la vista, la letrada se comunicó con el personal del PEJC para informar que no podía asistir a la misma por encontrarse enferma, y que había enviado vía facsímil una copia de una solicitud de cambio de estatus a abogada inactiva. Ahora bien, la solicitud enviada por la licenciada Rivera Burgos no estaba juramentada, por lo que se le informó que la misma no podía ser considerada. Se le orientó, además, que los procedimientos relacionados con los cambios de estatus de los abogados y las abogadas los atiende la Secretaría del Tribunal Supremo y no el PEJC, por lo que era allí donde debía presentar su solicitud debidamente juramentada. Asimismo, se le indicó que la presentación de la solicitud, por sí sola, no constituía una comparecencia escrita a la vista celebrada, por lo que se le requirió que

compareciera por escrito tan pronto le fuera posible, de lo contrario, se consideraría que no compareció a la misma. Una vez más, la licenciada Rivera Burgos no compareció.

Así pues, el 13 de marzo de 2017 el Director del PEJC, decidió referir el asunto a la atención de la Junta del Programa de Educación Jurídica Continua (en adelante "la Junta"). Ahora bien, previo a referir el asunto, el 31 de marzo de 2016 el referido organismo de este Tribunal le envió una notificación a la licenciada Rivera Burgos, en la cual se le concedía un término adicional de treinta (30) días para subsanar la deficiencia de créditos y pagar la multa por cumplimiento tardío. Se le apercibió que, de no cumplir con los requisitos del PEJC, se referiría el asunto a la Junta para que ésta determinase si el asunto debía ser referido, o no, a la consideración de este Foro. No empece a ello, la licenciada Rivera Burgos nuevamente incumplió.

Evaluada la conducta de la referida letrada, el 10 de mayo de 2017, la Junta decidió referir el asunto ante la consideración de este Tribunal, mediante el *Informe* antes mencionado. Enterados de ello, el 31 de mayo de 2017 emitimos una *Resolución* mediante la cual le concedimos a la licenciada Rivera Burgos un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión por incumplir con los requisitos del PEJC.

Tras la incomparecencia por parte de la letrada, el 23 de agosto de 2017 emitimos una segunda *Resolución* mediante la cual le concedimos un término final de diez (10) días para

mostrar causa por la cual no debía ser suspendida del ejercicio de la profesión por incumplir con los requisitos del PEJC. Dicha *Resolución* fue notificada personalmente a la licenciada Rivera Burgos. No obstante, la letrada no ha cumplido con lo ordenado por este Tribunal.

Es, precisamente, a la luz del cuadro fáctico y procesal antes expuesto que procedemos a disponer del asunto ante nos.

II.

A.

Como es sabido, en nuestro ordenamiento jurídico, y de conformidad con lo dispuesto en el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. XI, C. 2, se les requiere a los abogados y las abogadas el cumplir con ciertas horas créditos en educación jurídica continua. En específico, se requiere que, en un periodo de tres (3) años, todo abogado y abogada activo en la profesión cumpla con veinticuatro (24) horas créditos en educación jurídica continua. *Véase*, *Reglamento de Educación Jurídica Continua*, aprobado por el Tribunal Supremo de Puerto Rico mediante la *Resolución* ER-98-6 de 30 de junio de 1998, *In re Regl. Educ. Jur. Cont.*, 146 DPR 494 (1998) y enmendado mediante la *Resolución* ER-2005-5 de 26 de abril de 2005, 164 DPR 703 (2005) y la *Resolución* ER-2015-3, *In re Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua*, 193 DPR 233 (2015).

Ahora bien, cuando los abogados o abogadas no cumplen con los requisitos del PEJC, es necesario que se celebre una

vista informal en la que éstos o éstas tengan la oportunidad de explicar las razones por las cuales incumplieron. *Íd*. En el caso que el abogado o la abogada no comparezca a la vista, la Junta tiene el deber de remitir el asunto ante la consideración de este Tribunal para la evaluación de rigor. *In re Cabán Arocho*, 2017 TSPR 104, 197 DPR ___ (2017). *Véanse,* además, *In re Gómez Riefkohl*, 2017 TSPR 41, 197 DPR __ (2017); *In re López González*, 2015 TSPR 107 (2015).

B.

De otra parte, y por considerarlo en extremo importante para la correcta disposición del proceso disciplinario ante nuestra consideración, conviene recordar también que el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, requiere que todo abogado y abogada observe "para con los tribunales una conducta que se caracterice por el mayor respeto". *In re Lee Navas*, 2017 TSPR 208, pág. 4; *In re Cruz Liciaga*, 198 DPR 828, 835 (2017); *In re López Méndez,* 196 DPR 956 (2016); *In re Montalvo Delgado,* 196 DPR 541 (2016); *In re Torres Rodríguez,* 188 DPR 304 (2013). Así pues, al delimitar el alcance de la mencionada disposición deontológica, hemos reiterado el deber que el Canon 9, *supra*, les impone a los miembros de la profesión legal de comparecer a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por el foro judicial. *In re Rivera Navarro,* 193 DPR 303 (2015); *In re Irizarry Irizarry,* 190 DPR 368 (2015); *In re Nieves*

*Nieves,* 181 DPR 25 (2011). *Véase,* además, *In re Otero Fernández,* 145 DPR 582 (1998).

La desatención y el incumplimiento con las antedichas órdenes judiciales constituyen un serio agravio a la autoridad de los tribunales y, en consecuencia, una infracción al Canon 9 del Código de Ética Profesional, *supra*. *In re Pratts Barbarossa*, 2018 TSPR 5, 199 DPR ___ (2018); *In re López Méndez, supra; In re Pestaña Segovia,* 192 DPR 485 (2015); *In re García Incera,* 177 DPR 329 (2010); *In re Maldonado Rivera,* 147 DPR 380 (1999). Cuando ello ocurre, procede la suspensión del abogado o abogada del ejercicio de la profesión. *In re Grau Collazo*, 185 DPR 938, 944 (2012); *In re Rosario Martínez*, 184 DPR 494 (2012); *Galarza Rodríguez, Ex parte*, 183 DPR 228 (2011).

C.

Por último, precisa señalar aquí que las exigencias del Canon 9, *supra*, se extienden a los requerimientos de aquellas entidades y dependencias de este Tribunal a las cuales se les han delegado funciones que inciden en la fiscalización de la profesión legal. Lo anterior incluye la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. *In re Montañez Melecio*, 2017 TSPR 15 (2017); *In re Sepúlveda Padilla*, 195 DPR 606 (2016); *In re Ezratty Samo*, 2016 TSPR 19 (2016). Siendo ello así, la indiferencia a los avisos y requerimientos de cualquiera de estas dependencias se equipara a una afrenta a las órdenes del propio Tribunal e igualmente supone la suspensión inmediata e indefinida de

la profesión legal. *In re Montañez Melecio, supra; In re Sepúlveda Padilla*, *supra*. *In re Troche Mercado*, 194 DPR 743 (2016).

### III.

En el presente caso, como ha quedado claramente demostrado, la licenciada Rivera Burgos, en reiteradas ocasiones, ha hecho caso omiso a nuestras órdenes. Ello, a pesar del tiempo transcurrido desde que se le notificó su incumplimiento con el PEJC, y del sinnúmero de oportunidades que, tanto la referida dependencia de este Tribunal como este Foro, le hemos brindado para corregir sus deficiencias. Asimismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias.

En fin, la conducta desplegada por la licenciada Rivera Burgos, sin lugar a dudas, constituye un patrón de desidia y refleja falta de interés en continuar ejerciendo la profesión. Procede, pues, su suspensión inmediata e indefinida del ejercicio de la misma.

### IV.

Por los fundamentos antes expuestos, se suspende a la licenciada Rivera Burgos inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Además, se le impone a la señora Rivera Burgos el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente su suspensión a los foros judiciales y administrativos donde tenga

asuntos pendientes. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial de la señora Rivera Burgos queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la señora Rivera Burgos durante el periodo en que la misma estuvo presente.

Finalmente, el Alguacil de este Tribunal debe incautar la obra y sello notarial de la señora Rivera Burgos y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re:*


Ludmilia Rivera Burgos                TS-2,089


SENTENCIA

En San Juan, Puerto Rico, a 8 de mayo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende a la licenciada Rivera Burgos inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Además, se le impone a la señora Rivera Burgos el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente su suspensión a los foros judiciales y administrativos donde tenga asuntos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

La fianza notarial de la señora Rivera Burgos queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la señora Rivera Burgos durante el periodo en que la misma estuvo presente.

Finalmente, se le ordena al Alguacil de este Tribunal incautar la obra y sello notarial de la señora Rivera Burgos y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo